IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **KAITLIN BAGBY,** | ) |
|                      **Plaintiff** | ) |
| | ) |
| Vs. | ) |
| | ) |
| **DOUGLAS A. COLLINS, Secretary** | ) |
| **UNITED STATES DEPARTMENT OF** | ) |
| **VETERANS' AFFAIRS** | ) |

## COMPLAINT AND JURY DEMAND

**COMES NOW** Plaintiff, Kaitlin Bagby, by and through her undersigned counsel, ad files this Complaint seeking enforcement of findings in the EEO Administrative process against the United States Department of Veterans' Affairs, Douglas A. Collins, Secretary. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. §§ 2000e *et. seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et. seq.*, 29 C.F.R. § 1614.110(b), 29 C.F.R. § 1614.407(a) and 29 C.F.R. § 1614.407(c).

2. As this Complaint asserts federal causes of action under the laws of the United States, jurisdiction is appropriate pursuant to 28 U.S.C. § 1331.

3. Plaintiff was employed by the Defendant in Kansas City, Missouri. Pursuant to 28 U.S.C. § 1391, venue properly lies in this judicial district in that the alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Western District of Missouri, specifically in Kansas City, Missouri and the Defendant is a government employer who is subject to the jurisdiction of this court.

## PARTIES

4. Plaintiff, Kaitlin Bagby, is a United States Citizen. She currently resides abroad in Germany.

5. Plaintiff is a Caucasian female who worked as a Registered Nurse for the VA Medical Center in Kansas City, Missouri. During her employment, she suffered from hyperemesis gravidarum during her pregnancy, a pregnancy related disability..

6. Defendant Collins is sued in his capacity as Secretary of the Veteran's Administration and is located in Washington, D.C.

7. The facility engaging in the actions that form the basis of this complaint is the Kansas City Veterans' Administration Hospital (hereinafter 'KCVA'). It is located at 4801 Linwood Blvd., Kansas City, Missouri.

## ADMINISTRATIVE PROCEDURES

8. After initiating an informal administrative complaint on August 20, 2021, Plaintiff received her Notice of Right to File Formal Complaint on October 6, 2021. She timely filed her formal complaint on October 17, 2021. That administrative Complaint of Discrimination was assigned Case No. 200J-0589-2021105296.

9. Plaintiff's Administrative Complaint alleged that she was discriminated against on the basis of sex (female) and disability (pregnancy related).

10. Plaintiff has exhausted all administrative remedies in that she took the following actions:
    a. Upon receipt of her Report of Investigation and Notice of Rights. Pursuant to that Notice of Rights, Plaintiff requested a Final Agency Decision (FAD) regarding her claims.

b. The Agency was required to provide that FAD within 60 days, but delayed for 206 days to provide the required FAD. Plaintiff and her counsel received that FAD on or about September 26, 2022. The Agency's Final Decision determined that Plaintiff did not suffer discrimination under Title VII or the Rehabilitation Act.

c. Upon receipt of the FAD, Plaintiff timely filed an Appeal to the EEOC on or about October 21, 2022.

d. The EEOC reversed the decision of the Agency on or about May 6, 2024. In the reversal, the EEOC found that the Agency failed to accommodate her disability and required, among other things, a supplemental investigation into her entitlement to compensatory damages. *See Exhibit 1.*

e. In the appellate reversal, the EEOC also ordered that attorneys' fees would be paid by the Agency, requiring submission of fees within 30 days of the order.

f. Plaintiff cooperated in the supplemental investigation and provided evidence of her damages as well as a verified submission for attorney's fees.

g. The Agency failed to comply with the EEOC order and Plaintiff filed a Petition for Enforcement on January 22, 2025.

h. Thereafter, on March 12, 2025, the Agency issued a Final Agency Decision on the issue of compensatory damages, awarding Plaintiff $12,000.00. *See Exhibit 2.*

i. Plaintiff timely appealed the FAD to the EEO on April 14, 2025.

j. On June 25, 2025, the EEO issued a Decision on Petition for Enforcement and closed both the Petition for Enforcement and, it appears, the appeal regarding compensatory damages. Closure of the compensatory damages appeal was in error but the EEO provided for no appellate rights to that closure. *Exhibit 3, 4.*

11. Plaintiff timely filed this lawsuit within 90 days of the receipt of the EEO Decision and closure of the appeal.

12. All of Plaintiff's claims alleged in this Complaint were considered dring the administrative investigation into her complaints of discrimination and they reasonably followed from the allegations contained in the administrative complaints of discrimination based on sex and disability.

13. Pursuant to 42 U.S.C. § 2000e-16(c.), Plaintiff therefore invokes her right to bring this civila action in that she has satisfied all administrative and judicial prerequisites to the institution of this action.

## ALLEGATIONS COMMON TO ALL COUNTS

### *Journey Through Appellate Processes*

14. Plaintiff filed her complaint of discrimination on October 17, 2021.

15. The Agency issued a Final Agency Decision (FAD) on September 26, 2022, finding that Ms. Bagby was not subjected to disability or sex discrimination.

16. On October 21, Ms. Bagby filed a timely appeal of the September 26, 2022.

17. The Equal Employment Opportunity Commission (EEOC) Office of Federal Operations (OFO) issued a decision on May 6, 2024, partially reversing the findings of September 26, 2022.

18. Specifically, the OFO found that the Agency discriminated against Plaintiff based upon a pregnancy related disability when the Agency failed to provide an effective accommodation for Ms. Bagby as she struggled with hyperemesis gravidarum during her pregnancy.

19. On September 14, 2021, Ms. Bagby resigned from the Agency.

20. While the OFO found that Ms. Bagby failed to prove constructive discharge or that she suffered sex-based discrimination, it did order the Agency to conduct an investigation related to compensatory damages and determine the amount of compensatory damages due to Ms. Bagby.

21. The Agency did not issue a Final Agency Decision until March 12, 2025. In that FAD, the Agency awarded $12,000.00 in compensatory damages, which has not been paid and the Agency did not address attorney's fees.

22. The OFO also required Ms. Bagby to submit attorneys' fees to the Agency and for them to process that request pursuant to 29 C.F.R. § 1614.501. A statement of fees and costs accompanied by an affidavit executed by the attorney of record itemizing the attorney's charges for legal services are to be submitted to the agency within 30 days. Plaintiff and her counsel did timely provide that statement, requesting $26,357.50 in fees at that time.

23. Thereafter, the Agency may respond to the statement of costs within days of its receipt. The Agency did so. The EEOC did not issue a decision determining the amount of attorney's fees or costs due within 60 days of receipt; nor did it provide a notice of right to appeal.

24. Plaintiff filed an appeal with the OFO regarding the amount of compensatory damages on or about March 14, 2025. More than 180 days have passed since Plaintiff filed that appeal. She has not received a final decision on that appeal. *See Exhibit 5.*

<u>Underlying Complaints</u>

25. Kaitlin Bagby worked as a Registered Nurse – VN NS 1, Level 2, Step 8 at the U.S. Department of Veterans' Affairs, Kansas City VA Hospital from December 21, 2020 until she resigned / was constructively discharged on September 14, 2021.

26. Her first line supervisor was Benjamin Wilson, Nurse Manager and her second line supervisor was Mary Wydick, Assistant Nurse Manager.

27. Ms. Bagby was transferred to a different department during the first few months after she started working at the KCVA, resulting in Mary Wydick becoming her first line supervisor.

28. In 2004, Plaintiff had a pregnancy in which she was diagnosed with hyperemesis gravidarum. In 2021, that physical impairment occurred during a subsequent pregnancy.

29. Hyperemesis gravidarum is a rare condition that results in extreme, persistent nausea and vomiting during pregnancy. It causes dehydration, weight loss, electrolyte imbalance and places the child at risk of pre-birth injury and death. The nausea and vomiting occurs not just during the morning but all hours of the day and night. It caussces lack of sleep, lack of nourishment, extreme fatigue, weakness and dizziness.

30. Hyperemesis gravidarum affected Ms. Bagby's daily life activities. All activities of daily living were impacted including dressing, showering, walking, driving, cleaning, eating, sleeping and working.

31. Ms. Bagby told her supervisor of the illness she was experiencing in person, she also requested reasonable accommodation via email and she submitted medical documentation concerning her condition.

32. Despite Ms. Wydick's knowledge of Ms. Bagby's disability, she engaged in behavior that discriminated against Ms. Bagby.

33. Ms. Bagby was charged approximately 24 hours of AWOL between June 2 and June 22, 2021. She was charged that because she had exhausted her sick leave balance.

34. Ms. Bagby requested the use of annual leave in order to cover the requested time off to deal with her illness. Those requests were refused by Ms. Wydick.

35. Ms. Bagby never left work without permission from her supervisor and every time she was absent, she called into the VA Call-In line to request leave. Calls to this line were directly reported to her supervisor.

36. Ms. Wydick charged Plaintiff AWOL instead of providing her with a reasonable accommodation.

37. Other Federal employees were willing to donate sick leave to her under the leave donation program. To qualify for the program, an employee must exhaust all sick and annual leave. Because Ms. Wydick did not allow her to use and exhaust her annual leave, Ms. Bagby could not qualify for this program.

38. On May 6, 2021, Ms. Bagby was placed on a Sick Leave Certification that required Ms. Bagby to provide medical documentation from a physician for each sick leave request.

39. All of Plaintiff's absences were associated with the hyperemesis gravidarum.

40. Even after Plaintiff explained the circumstances and provided the medical documentation of her disability, her supervisor continued to charge her AWOL for her absences.

41. Additionally, Plaintiff's supervisor inaccurately accused Plaintiff of being late on occasions in which that did not occur and she prevented Plaintiff from wearing T-shirts although others were allowed to do so. The T-Shirts were necessary to accommodate Ms. Bagby's pregnancy.

42. Ms. Bagby suggested reasonable accommodations including allowing her to use annual leave for her past and future absences necessitated by her disabling condition, to switch shifts with a co-worker, to allow her to wear T Shirts as her non-pregnant co-workers did.

43. Plaintiff needed and requested reasonable accommodation for her medical condition, including liberal leave, telework, maxi flex and an exemption from certain dress code requirements.

44. Plaintiff's co-workers observed that non-disabled people were allowed to switch shifts – even if it caused overtime – but that Plaintiff and persons of color were not so allowed.

45. Plaintiff's husband was transferred to Germany. Plaintiff desired to transfer to a governmental facility in Germany. However, because of the harassment and discrimination she endured, she resigned her position – causing her to be constructively discharged.

46. The VA Handbook 5975.1 requires a "Designated Management Official" to engage in the interactive process and make decisions regarding requests for reasonable accommodation.

47. Contrary to those provision, Ms. Wydick did not engage in that interactive process. Instead, she continued to charge Ms. Bagby with AWOL, rrefused to allow her to wear Tshirts and failed to request any accommodation on Plaintiff's behalf as she was required to do by Agency policy.

48. Ms. Wydick also failed to enter Ms. Bagby's reasonable accommodation request into the Agency's reasonable accommodation system, RACS.

49. The EEOC / OFO found that Ms. Wydick failed to provide reasonable accommodation to Ms. Bagby when she was aware of Ms. Bagby's pregnancy and associated complications.

50. The EEOC / OFO also found pretextual Plaintiff's supervisor's claim that she did not accommodate Plaintiff because she never provided medical documentation of restrictions or limitations. The EEOC found pretext because the medical documentation in question established that Plaintiff was seen for nausea and vomiting and when the need for accommodation is obvious, documentation of restrictions or limitations is not necessary.

51. The EEOC / OFO also found that the record is replete with requests for accommodation but neither Ms. Wydick nor anyone at the agency made any good faith effort to discuss accommodation with Ms. Bagby.

52. The Agency did not argue or demonstrate that granting any accommodation would have imposed an undue hardship on its program. Accordingly, the EEOC / OFO found that the Agency failed to accommodate Ms. Bagby.

53. The EEOC / OFO specifically determined that the Agency discriminated against Ms. Bagby by continuing her sick leave restriction and charging her with AWOL after knowing that her condition and request for accommodation.

54. The EEOC ordered the Agency to expunge from Ms. Bagby's personnel record the AWOL charges she received after July 14, 2021, the sick leave restriction notice, and permit Ms. Bagby to convert those absences to approved leave or leave without pay.

55. The EEOC ordered the Agency to complete a supplemental investigation regarding Ms. Bagby's compensatory damages based on the finding of discrimination with payment to occur within 30 calendar days of the date of the determination of the amount of compensatory damages.

56. In the event of a dispute in the exact amount of compensatory damages, the Agency was to issue a check to Complainant for the undisputed amount.

57. Within 90 calendar days of the date of the decision (May 6, 2024), the Agency was to provide training to Ms. Wydick and within 90 days, the Agency was to consider tking disciplinary action regarding Ms. Wydick for failing to accommodate Ms. Bagby.

58. The Agency did not fully implement this decision including payment of any compensatory damages or attorneys fees.

59. Ms. Bagby timely requested enforcement and, separately, she appealed the amount of compensatory damages awarded by the Final Agency Decision.

60. On June 25, 2025, the EEOC OFO issued an order indicating that the Agency was in substantial compliance but did not address the compensatory damages issue or the issue of attorney's fees.

61. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

## COUNT 1: FAILURE TO ACCOMMODATE DISABILITY

62. Plaintiff hereby incorporates each and every factual allegation found herein.

63. Plaintiff has a disability within the meaning of the ADA.

64. Plaintiff was qualified to perform the essential functions of the position she held.

65. Defendants knew of Plaintiff's disability and failed to accommodate it;

66. Plaintiff was otherwise qualified for this position.

67. Plaintiff's disability was a motivating factor for Defendants' adverse actions. Those adverse actions included without limitation, giving Plaintiff AWOL, refusing to allow her

to use her annual leave, preventing her from accessing the leave donation program, refusing to waive the dress code for her although non-pregnant workers were allowed, refusing to allow plaintiff to transfer or switch shifts with other employees and refusing to provide a reasonable accommodation to Plaintiff.

68. As a result of these adverse actions, Ms. Bagby lost pay and suffered significant personal injury.

69. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, acting within the course and scope of their employment, Plaintiff suffered grievous injury and damage including but not limited to past, present and future medical and psychiatric expense, lost wages, lost benefits, lost earning capacity, mental anguish and pain including humiliation, embarrassment, depression, anxiety anger and lost enjoyment of life.

**COUNT 2: DISCRIMINATION BASED ON SEX AND DISABILITY**

70. Plaintiff hereby incorporates by this reference each and every allegation found in the above paragraphs.

71. Plaintiff, as a female and pregnant female, is a member of a protected class.

72. She was qualified for the position that she held at the KCVA and met her employer's legitimate performance expectations.

73. Plaintiff suffered adverse job actions when management engaged in the actions including but not limited to:

    a. Refused Plaintiff's reasonable accommodation based upon her pregnancy;

    b. Continually gave Plaintiff AWOL for absences caused by her pregnancy related disability causing her to lose pay;

  c. Refused to allow plaintiff to use annual leave to cover her absences caused by her pregnancy related disability;

  d. Refused to allow plaintiff to qualify for the leave donation program that would have covered her absences;

  e. Refused to allow Plaintiff to modify her dress code although other non-pregnant and non-female counterparts were so allowed;

  f. Refused plaintiff maxi-flex, telework and flexible leave;

  g. Undermined Plaintiff's works so she could not be successful;

  h. And other actions as set forth in the statements of fact.

74. The Agency and management officials treated similarly situated non-female, non-pregnant, and non-disabled employees more favorably than plaintiff.

75. As a direct and proximate result of the conduct of Defendants through its supervisors and managers, Plaintiff suffered grievous injury and damage including but not limited to past, present and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury and lost enjoyment of life.

## COUNT 3: CONSTRUCTIVE DISCHARGE

76. Plaintiff hereby incorporates by this reference each and every allegations found in the above paragraphs.

77. Plaintiff was constructively discharged from her employment on or about September 14, 2021 because of the sex and disability discrimination and failure to accommodate her disability.

78. As set forth in the Allegations Common to All Counts, the ongoing discrimination and failure to accommodate as well as the disciplinary actions taken against her including AWOLs, Plaintiff quit her position.

79. A reasonable employee in Plaintiff's position would have felt compelled to resign.

80. Defendant intended to force plaintiff to resign and created intolerable working conditions that caused it to happen.

81. As a direct and proximate result of the conduct of Defendants through its supervisors and managers, Plaintiff suffered grievous injury and damage including but not limited to past, present and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury and lost enjoyment of life.

**COUNT 4: ALTERNATIVE COUNT TO ENFORCE EEOC FINDINGS AND FAD**

82. As set forth in the Allegations Common to all Counts, the EEOC made specific findings that the Agency failed to accommodate Plaintiff and requested the Agency to perform a supplemental investigation into compensatory damages and to pay attorneys' fees in the manner prescribed in 29 C.F.R. § 1614.501.

83. That investigation was completed with the Agency finding $12,000 in compensatory damages. The Agency also objected to the attorney's fee application but otherwise failed to follow the regulations regarding payment of the compensatory damages and attorney's fees.

84. The EEOC / OFO found that the Agency had substantially complied with the original order based upon Plaintiff's Petition for Enforcement filed in February 2024.

85. However, the EEOC / OFO never issued any orders regarding the appeals on the outcome of the supplemental investigation, the amount of compensatory damages and the amount of

attorney's fees that should be awarded or otherwise issued any order concerning Plaintiff's appeal from the compensatory damages found in the FAD.  Likewise, the EEOC / OFO did not issue any decision on the appeal filed by Plaintiff on or about March 14, 2024 or the Agency's objection to attorney's fees.

86.	Instead, the EEOC / OFO closed the appeal on Marc 14, 2025 without decision.  *See Exhibit 4*.  More than 180 days have passed since that appeal was filed.  The EEOC / OFO determined that neither party had additional appeal rights within the EEOC.  *See Exhibit 3,* Decision on Petition for Enforcement.

87.	The EEOC / OFO closure without decision on compensatory damages appeal and the dispute concerning attorney's fees was improper.  Nonetheless, the decision of the EEOC / OFO regarding liability should be affirmed with further proceedings regarding the compensatory damages award and attorney's fees or in the alternative, the EEOC / OFO should be required to reopen the matter for the limited purpose of determining compensatory damages and attorney's fees.

88.	As a direct and proximate result of the conduct of the defendants and the conduct of the supervisors and managers, plaintiff suffered grievous injury.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court:

89.	Issue judgment against defendant for all damages that Plaintiff has incurred, including without limitation, physical and personal injury, emotional distress, back pay, future pay, lost earnings, lost earning capacity, special damages and all compensatory damages to which the plaintiff is entitle.

90. Issue judgment against the defendant for its utter failure to timely provide plaintiff the relief required by the EEOC / OFO and its own FAD and for the undue delay in the processing of Plaintiff's case.

91. Award Plaintiff her reasonable attorneys' fees, costs and expenses.

92. In the alternative, to enforce the EEOC / OFO appellate decision including granting Plaintiff compensatory damages and attorney's fees.

93. Award to Plaintiff any and all such further relief as may be equitable and just.

## DEMAND FOR JURY TRIAL

94. Plaintiff hereby demands a trial by jury.

Respectfully submitted,

*/s/ Rebecca M. Randles*
REBECCA M. RANDLES           MO #40149
**RANDLES MATA, LLC**
851 NW 45th Street
Suite 310
Kansas City, Missouri 64116
(816) 931-9901
(816) 931-0134 (FAX)
rebecca@randlesmatalaw.com

Attorney for Plaintiff