

# DEPARTMENT OF VETERANS AFFAIRS
## OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
### WASHINGTON, D.C. 20420

In Reply Refer To: 00D

Rebecca Randles
Rebecca@rmblawyers.com

3/12/2025

Re: Final Agency Decision – Compensatory Damages
Kaitlin Bagby v. Department of Veterans Affairs
VA Case No. 200J-0589-2021-105296

Dear Ms. Randles:

We are enclosing a copy of the Department's final decision concerning your client's entitlement to compensatory damages in accordance with 29 C.F.R. § 1614.605(d).

We have instructed the facility director to pay the amount specified in the enclosed decision within 30 calendar days.

If dissatisfied with the enclosed decision, the complainant may appeal in accordance with the statement of appeal rights contained in the decision. Also enclosed is EEOC Form 573 for use when filing an appeal.

Sincerely yours,

*Kathleen Oddo*
Kathleen K. Oddo
Executive Director

Enclosures

cc: Kaitlin Bagby
Kaitlin.b.bagby@gmail.com

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

| | |
|---|---|
| Kaitlin Bagby, | ) |
| Complainant, | ) |
| v. | ) VA Case No. 200J-0589-2021-105296 |
| Secretary,<br>Department of Veterans Affairs, | ) |
| Agency, | ) |

## FINAL AGENCY DECISION
## ON COMPENSATORY DAMAGES

This decision addresses Complainant's claim for compensatory damages submitted to the Agency in the above-captioned case and constitutes the final agency decision on compensatory damages.

### BACKGROUND

Complainant filed this complaint on October 17, 2021. The Agency issued a Final Agency Decision (FAD) on September 26, 2022, finding that Complainant was not subjected to disability discrimination or sex discrimination as claimed. Complainant filed a timely appeal of the September 26, 2022, FAD on October 21, 2022. The Equal Employment Opportunity Commission (EEOC) Office of Federal Operations (OFO) issued a decision on May 6, 2024, partially reversing the findings of the September 26, 2022, FAD. Specifically, OFO found in the May 6, 2024, decision that the Agency discriminated against Complainant based on a pregnancy-related disability when the Agency failed to provide an effective accommodation for Complainant between July 14, 2021, and September 14, 2021, the date of Complainant's resignation from the Agency. OFO also found in the May 6, 2024, decision that Complainant failed to prove that she was subjected to sex-based discrimination or a discriminatory constructive discharge as she claims. As part of the remedies related to the finding of discrimination in the May 6, 2024, decision, OFO ordered the Agency to conduct an investigation related to compensatory damages and determine the amount of compensatory damages due Complainant in a FAD with appeal rights to the Commission.

1

The Agency conducted compensatory damages investigation in accordance with the May 6, 2024, OFO order, and the investigation was completed on December 23, 2024. The Department's Office of Employment Discrimination Complaint Adjudication (OEDCA) received the compensatory damages investigative report on December 27, 2024. Complainant claims that she is due $150,000.00 in compensatory damages associated with the discrimination in this case. (Compensatory Damages Report of Investigation (Comp ROI), Tab 2-1, p. 45.)

The Agency filed an immediate Request for Reconsideration of the May 6, 2024, OFO decision, and, on October 15, 2024, OFO denied the Agency's Request for Reconsideration and ordered the Agency to fulfill the orders issued in the May 6, 2024, decision. (Comp ROI, Tab 1-2.)

This final agency decision on Complainant's entitlement to compensatory damages is issued in accordance with the Commission's regulations at 29 C.F.R. Section 1614.501.

## ANALYSIS AND FINDINGS

### 1. Applicable Law

#### *Statutes and Regulations*

Section 102 of the Civil Rights Act of 1991 (hereinafter the "Act"), codified in Title 42 U.S.C. Section 1981a, provides for recovery of compensatory damages against federal agencies in cases of intentional discrimination brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. Compensatory damages are available in the Equal Employment Opportunity (EEO) administrative process. See West v. Gibson, 527 U.S. 212 (1999). For the Department of Veterans Affairs, an employer with more than 500 employees, the Act limits compensatory damages for future pecuniary and non-pecuniary damages to $300,000 per complainant. 42 U.S.C. § 1981a 4(b)(3)(D).[1]

#### *Compensatory Damages*

Compensatory damages are awarded to compensate a complainant for losses or suffering that are directly or proximately caused by an agency's discriminatory conduct. EEOC Enforcement Guidance: Compensatory and Punitive Damages Available Under Section 102 of the Civil Rights Act of 1991, EEOC Notice No. 915.002 (1992) (hereinafter referred to as "EEOC Enforcement Guidance").

Compensatory damages may be awarded for past pecuniary loss (out-of-pocket expenses), future pecuniary loss (likely future out-of-pocket expenses), and non-pecuniary loss (emotional harm). Onie R. v. Dept. of Defense, EEOC Appeal No. 0120141870 (2016), citing EEOC Enforcement Guidance, supra.

---

[1] Past pecuniary losses are not subject to the caps and are fully compensable upon requisite proof. EEOC Enforcement Guidance: Compensatory and Punitive Damages Available Under Section 102 of the Civil Rights Act of 1991, EEOC Notice No. 915.002 (1992).

2

To receive an award of compensatory damages, a complainant must demonstrate that (1) he or she has been harmed as a result of the agency's discriminatory action; (2) the extent, nature, and severity of the harm; and (3) the duration or expected duration of the harm. Rivera v. Dept. of the Navy, EEOC Appeal No. 01934157 (1994), recon. denied, EEOC Request No. 05940927 (1995). The amount of an award of compensatory damages is based on the severity of the harm, duration of the harm, and the extent to which the harm was caused by discriminatory conduct. Onie R., supra, citing Rivera; EEOC Enforcement Guidance, supra.

A complainant must provide objective evidence that will allow an agency to assess the merits of the request for damages. Onie R., supra, citing Carle v. Dept. of the Navy, EEOC Appeal No. 01922369 (1993). The absence of supporting evidence may affect the amount of damages appropriate in specific cases. Emmett W. v. Dept. of Agriculture, EEOC Appeal No. 0120143098 (2016), citing Lawrence v. U.S. Postal Service, EEOC Appeal No. 01952288 (1996). Compensatory damages are limited to the amount necessary to compensate an injured party for actual harm caused by the agency's discriminatory action. Kevin B. v. Dept. of Health and Human Services, EEOC Appeal No. 0720170014 (2017), citing Damiano v. U.S. Postal Service, EEOC Request No. 05980311 (1999).

*Past Pecuniary Loss*

Pecuniary damages are available for out-of-pocket expenses proven to be caused by the discriminatory conduct. Past pecuniary losses are those losses that occurred before resolution of a complaint. Typically, these damages include reimbursement for medical expenses, job hunting expenses, moving expenses, and other quantitative out-of-pocket expenses. The Commission requires documentation in support of these expenses, typically in the form of receipts, bills, or physicians' statements. Objective evidence in support of a claim for pecuniary damages includes documentation showing actual out-of-pocket expenses with an explanation of the expenditure, such as bills, receipts, or canceled checks. Kevin B., supra, citing EEOC Management Directive for 29 C.F.R. Part 1614, EEOC MD-110 (2015); see also Adesanya v. U.S. Postal Service, EEOC Appeal No. 01933395 (1994); EEOC Enforcement Guidance, p. 8. The Agency is only responsible for those pecuniary damages that are clearly shown to be caused by the Agency's discriminatory conduct. Id. To recover damages, Complainant must prove that the Agency's discriminatory actions were the cause of the pecuniary loss. Id.

*Future Pecuniary Loss*

Future pecuniary losses are monetary losses which Complainant can demonstrate are likely to occur as a result of the act of discrimination after resolution of a complaint. EEOC Enforcement Guidance, p. 8. In most cases, proof of future pecuniary losses requires the testimony of an expert witness to establish that Complainant is reasonably certain to incur future expenses, and that such expenses are due to the discrimination. The testimony must also show the probable amount of the expenses. For example, in a claim for future medical expenses, evidence must be reasonably specific about the need for the

treatment, the course of treatment, the anticipated duration of the treatment and that the discriminatory conduct created the condition that necessitates the future treatment. See Klein v. Dept. of Agriculture, EEOC Appeal No. 01982146 (2000); Almera v. Dept. of Veterans Affairs, EEOC Appeal No. 01A13618 (2002).

*Non-Pecuniary Loss*

Non-pecuniary, or non-monetary, losses include emotional harm, pain, suffering, loss of enjoyment of life, inconvenience, mental anguish, loss of consortium, and injury to reputation, character, credit, or professional standing. In order to establish entitlement to non-pecuniary loss, a complainant must present objective evidence to establish how he or she was affected by the discrimination. Cletus W. v. Dept. of Treasury, EEOC Appeal No. 0720160008 (2016).

Objective evidence of non-pecuniary losses can include statements from a complainant concerning his or her emotional pain or suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character or reputation, injury to credit standing, loss of health, and any other non-pecuniary losses that are incurred as a result of the discriminatory conduct. A complainant's own testimony, along with the circumstances of a particular case, can suffice to sustain his or her burden in this regard. Evidence from a health care provider or other expert is not a mandatory prerequisite for recovery of compensatory damages for emotional harm. Sang G. v. Dept. of Homeland Security, EEOC Appeal No. 0120151360 (2017), citing, Lawrence, supra.

Statements from others including family members, friends, health care providers, other counselors (including clergy) could address the outward manifestations or physical consequences of emotional distress, including sleeplessness, anxiety, stress, depression, marital strain, humiliation, emotional distress, loss of self-esteem, excessive fatigue, or a nervous breakdown. The more inherently degrading or humiliating the defendant's action is, the more reasonable it is to infer that a person would suffer humiliation or distress from that action. The absence of supporting evidence, however, may affect the amount of damages appropriate in specific cases. Emmett W., supra.

There are no definitive rules governing the amount to be awarded for emotional harm and other non-pecuniary losses. The amount of an award of non-pecuniary damages is based on the severity of the harm, duration of the harm, and extent to which the harm was caused by discriminatory conduct. Onie R., supra, citing Rivera v. Dept. of the Navy, EEOC Appeal No. 01934157 (1994), recon. denied, EEOC Request No. 05940927 (1995); EEO Enforcement Guidance, p. 5. An award of non-pecuniary damages should reflect the extent to which the agency's discriminatory action directly or proximately caused the harm as well as the extent to which other factors also caused the harm. Lauralee C. v. Dept. of Homeland Security, EEOC Appeal No. 0720150002 (2017) citing, Johnson v. Dept. of the Interior, EEOC Appeal No. 01961812 (1998).

The reasonableness of an amount of compensatory damages is measured by whether the award is "monstrously excessive" and consistent with awards in similar cases. Onie

4

R., supra, citing Ward-Jenkins v. Dept. of the Interior, EEOC Appeal No. 01961483 (1999).

We now proceed to consider the damages claimed by Complainant in light of the foregoing principles of law and the evidence submitted.

### 2. Claimed Damages

Complainant claims an unspecified amount for pecuniary losses and $150,000.00 for non-pecuniary losses.

### a. Pecuniary Damages

Complainant claims that she is owed pecuniary compensatory damages of an unspecified amount because she was discriminatorily charged 36.5 hours of absent without leave (AWOL) instead of being granted paid sick leave to excuse her illness related absences. However, Complainant did not present documentary evidence to support her claim. The record does not establish that Complainant suffered financial losses associated with her AWOL charges because the record does not establish that Complainant had available sick leave to cover the absences for which she was charged AWOL.[2] (Comp ROI, Tab 2-1, p. 43.)

Complainant also states that she is owed $120.00 for co-pay visits to her doctor. However, Complainant did not present documentation to support her claim.

For these reasons, Complainant has not established entitlement to a pecuniary compensatory damages award in this case.

### b. Non-pecuniary Damages

**Causation**

To receive an award for non-pecuniary compensatory damages, a complainant must demonstrate that alleged harms resulted from the conduct found to be discriminatory. See Kevin B. v. Dept. of Health and Human Services, EEOC Appeal No. 0720170014 (April 24, 2017).

Awards for emotional harm are warranted only if a complainant establishes a sufficient causal connection between the agency's illegal actions and the complainant's injury. Wilda M. v. U.S. Postal Service, EEOC Appeal No. 0120141087 (2017), citing EEOC Enforcement Guidance: Compensatory and Punitive Damages Available Under Section 102 of the Civil Rights Act of 1991, Notice No. 915.002 (1992).

---

[2] It is significant to note that the May 6, 2024, OFO decision ordered the Agency to expunge the discriminatory AWOL charges from Complainant's records and change the AWOL charges to approved leave or leave without pay (LWOP).

Complainant claims that she is owed non-pecuniary compensatory damages for the emotional harm she suffered due to the Agency's discriminatory conduct as found in the May 6, 2024, OFO decision. Complainant states that she suffered from depression, anxiety, and isolation. Complainant states that she constantly felt like she was walking on eggshells and felt isolated knowing her supervisor was targeting her over something beyond her control. Complainant states that her coworkers witnessed the discrimination but were unable to help, which added to her sense of isolation. (Comp ROI, Tab 2-1, pp. 42, 43.)

Complainant further states that she felt embarrassed, ostracized, and misunderstood due to the discrimination. Complainant states, "It felt like my supervisor was always singling me out, scrutinizing everything I did, and calling me out for any minor infraction. I constantly looked over my shoulder, wondering if the way I was being treated was my fault, and felt immense guilt. I felt like my life was falling apart, that I was failing at my job, and letting my family down." Complainant states that her family life and marriage suffered due to the discrimination. Complainant states that the discrimination found in the May 6, 2024, OFO decision caused lasting trauma concerning employment issue with future pregnancies. (Comp ROI, Tab 2-1, pp. 43, 44.)

Complainant presented in support of her claim for damages a written declaration from her husband describing the harm she has suffered due to the Agency's discriminatory conduct. Complainant's husband verified Complainant's assertion that she suffered from isolation and embarrassment due to the Agency's discriminatory conduct. Complainant's husband also verifies Complainant's assertion that her home life and marriage suffered due to the Agency's discriminatory conduct, leading to arguments between Complainant and her husband.

Complainant did not present other evidence of her emotional harm. Complainant's evidence of her emotional harm resulting from the Agency's discriminatory conduct does not include corroboration from a medical professional. However, evidence from a health care provider or other expert is not a prerequisite for recovery of compensatory damages for emotional harm. Sang G. v. Dept. of Homeland Security, EEOC Appeal No. 0120151360 (July 28, 2017). A complainant's own testimony can suffice to sustain her burden of proving harm, although the absence of supporting evidence may affect the amount of damages. See also Claude A. v. Dept. of Veterans Affairs, EEOC Appeal No. 2022000963 (October 16, 2023), citing, Lawrence v. U.S. Postal Service, EEOC Appeal No. 01952288 (April 18, 1996) and Carle v. Dept. of the Navy, EEOC Appeal No. 01922369 (Jan. 5, 1993) (Objective evidence of compensatory damages can include statements from Complainant concerning her or his emotional pain or suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character or reputation, injury to credit standing, loss of health, and any other nonpecuniary losses that are incurred as a result of the discriminatory conduct). Therefore, Complainant's statement, though supported only by a written statement by her husband, establishes that Complainant suffered from harm due to the discrimination found in this case.

6

**Award for Non-Pecuniary Losses**

Having determined that Complainant proved that her stated emotional distress and related symptoms were caused by the Agency's discriminatory conduct, we proceed to determine the amount of compensatory damages to be awarded for the harm. In determining the amount of a compensatory damages award, we are guided by the principle that a compensatory damages award is limited to the sum necessary to compensate Complainant only for the <u>actual</u> harm caused by the Agency's discriminatory action. See EEOC Enforcement Guidance, p. 13. Further, we note that damage awards for emotional harm are difficult to determine and there are no definitive rules governing the amount to be awarded in given cases. The EEOC has stated that a proper award must meet two goals: (1) that it not be "monstrously excessive" standing alone and that it be consistent with awards made in similar cases. See Lawrence, supra, citing Cyanar v. City of Chicago, 865 F.2d 827, 848 (7th Cir. 1989).

In order to provide a reasonable award of compensatory damages, we consider recent EEOC awards in cases in which the harm to the appellant was similar in nature and severity to Complainant's. See EEOC Enforcement Guidance.

In this case, Complainant requests $150,000.00 for nonpecuniary compensatory damages due to the emotional harm she has experienced due to the Agency's discriminatory conduct. The Agency states, in its response to Complainant's claim for damages, that the harm caused to Complainant should be compensated with a nonpecuniary damages award in the range between $1,000.00 and $3,500.00. See Agency's Rebuttal to Complainant's Request for Compensatory Damages, p 11.

Based on the evidence of record, Complainant suffered from depression, anxiety, isolation, embarrassment, family and marital problems, and concerns about employment during future pregnancies due to the Agency's discrimination. Although agency counsel states that the harm in this case should be compensated with an award between $1,000.00 and $3,500.00, recent EEOC non-pecuniary awards in cases with similar harm have been between $12,000.00 and $15,000.00.

Ginger N. v. Department of Veterans Affairs, EEOC Appeal No. 2021005159 (June 27, 2023) (The EEOC affirmed the agency's award of $12,000.00 in nonpecuniary compensatory damages when the complainant asserted that she experienced emotional stress, including anxiety, depression, low self-esteem, and self-doubt that began with the onset of her problems at work).

Cynthia D. v. Department of Defense, EEOC Appeal No. 2020002980 (July 21, 2022) (The EEOC increased the AJ's $11,000.00 nonpecuniary damages award to $12,000.00 when, after a supervisor's excessively harsh reprimand, the complainant suffered anxiety and sleeplessness for six months before she started taking herbal remedies to minimize her anxiety, experienced weight gain, hair loss, and a fear of going to work).

Calvin D. v. Department of Veterans Affairs, EEOC Appeal No. 2021002235 (August 30, 2022) (The Commission awarded $15,000.00 in nonpecuniary damages when the complainant testified that he suffered stress, depression, anxiety, lowered self-esteem, loss of sleep, nausea, headaches, and marital difficulties as a result of the discrimination but did not submit medical or counseling reports).

We find that the emotional harm suffered by Complainant in this case is similar to the harm described in the above-cited cases. As previously stated herein, Complainant's own testimony was adequate to sustain her burden of proving harm, but the absence of supporting evidence has an effect on the amount of damages. See Claude A., EEOC Appeal No. 2022000963. Therefore, because Complainant's testimony about her harm was supported by no evidence in the record other than her husband's written statement, we find that the emotional harm suffered by Complainant supports an award at the low end of the appropriate range. Thus, we find that Complainant's evidence supports an award of $12,000.00.

Therefore, Complainant is awarded **$12,000.00** for non-pecuniary compensatory damages.

## CONCLUSION

Complainant is entitled to an award of compensatory damages in the amount of **$12,000.00**.

## RIGHT OF APPEAL

Complainant may appeal this final agency decision within 30 calendar days of receipt to: **Equal Employment Opportunity Commission, Office of Federal Operations (EEOC-OFO)**. The appeal may be filed via the EEOC's Public Portal, U.S. Mail, or Hand-Delivery.

1. **EEOC-OFO recommends that all submissions and communications from complainants be electronic.**

    a. **Appeals submitted electronically should be completed via the EEOC Public Portal at https://publicportal.eeoc.gov/Portal/Login.aspx. See warning below and detailed instructions attached.**

        <u>WARNING!</u>
        Attorneys and non-legal representatives MUST <u>NOT</u> use the EEOC Public Portal to file appeals on behalf of their clients as the portal will incorrectly list the representative as the complainant. Therefore, COMPLAINANTS MUST file electronic appeals themselves through the EEOC Public Portal regardless of whether they are represented.

8

b. **Appeals submitted by mail should be completed by using EEOC Form 573.**
A copy of EEOC Form 573 is attached. Appeals submitted by mail should be sent to:

> Director
> U.S. Equal Employment Opportunity Commission
> Office of Federal Operations
> P.O. Box 77960
> Washington, D.C. 20013

c. **As an alternative to mailing the appeal, the appeal may be hand-delivered to:**

> Equal Employment Opportunity Commission
> Office of Federal Operations
> 131 M Street N.E., Suite 5SW12G
> Washington, D.C. 20507-0004

**2. If mailing or hand-delivering the appeal to the EEOC-OFO, a copy of the appeal must also be sent to the VA Office of General Counsel at the following address:**

> Department of Veterans Affairs
> Office of General Counsel (024)
> 810 Vermont Avenue, N.W.
> Washington, D.C. 20420

3. Statements or briefs in support of the appeal must be submitted to the EEOC-OFO within 30 calendar days of the filing of the appeal. The EEOC-OFO will accept statements or briefs in support of an appeal by facsimile transmittal at (202) 663-7022. <u>If statements or briefs are submitted by mail or hand delivery, a copy of any such statement or brief, including any statements made on EEOC's "Appellant Docketing Statement," must also be sent to the VA's Office of General Counsel at the above address</u>.

4. If an appeal is filed with the EEOC-OFO by mail or hand delivery, the appeal, and any subsequently filed statement or brief, must contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of General Counsel.

5. If Complainant files an appeal with the EEOC-OFO beyond the above-noted time limit, Complainant should provide the EEOC-OFO with an explanation as to why the appeal should be accepted despite its untimeliness. If Complainant cannot explain why timeliness should be excused, the EEOC-OFO may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

Complainant also has the right to file a civil action in an appropriate United States District Court. Complainant may file a civil action as follows:

(1) Within 90 days of receipt of this final decision <u>if no appeal to the EEOC-OFO has been filed</u>; OR

(2) Within 90 days after receipt of the EEOC-OFO's final decision on appeal; OR

(3) After 180 days from the date of filing an appeal with the EEOC-OFO if there has been no final decision by the Commission.

Complainant must name the acting official head of the Department of Veterans Affairs, **Douglas A. Collins**, as the Defendant. Complainant may not name just the Department. Complainant must also state the official title of the Department head, which is the **Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case.

If Complainant decides to file a civil action under Title VII (discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended, (discrimination due to disability), and if Complainant does not have or cannot afford the services of an attorney, Complainant may request that the Court appoint an attorney to represent Complainant and that the Court permit Complainant to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court**. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action <u>MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS</u> of the date that Complainant receives the final agency decision from the Department or the Commission.

*Kathleen Oddo*

Kathleen K. Oddo
Executive Director
Office of Employment Discrimination
Complaint Adjudication

3/12/2025
Date

Attachment: EEOC Public Portal Instructions
EEOC Form 573