# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KAITLIN BAGBY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 25-00745-CV-W-DGK |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, *et al.*, | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS COUNTS I-III OF PLAINTIFF'S COMPLAINT

Pursuant to FED. R. CIV. P. 12(b)(6), named defendants the United States Department of Veterans Affairs and Douglas A. Collins, in his official capacity as the Secretary of Veterans Affairs ("VA"), hereby move the Court for an order dismissing Counts I through III of the COMPLAINT AND JURY DEMAND [Doc. 1] filed herein by plaintiff Kaitlin Bagby ("Bagby") for failing to state a claim upon which relief may be granted against the VA.

### A. Overview

On September 22, 2025, Bagby filed her COMPLAINT in this Court alleging that she had been discriminated against based on sex and disability while employed by the VA. Doc. 1. In the first three counts of her COMPLAINT, Bagby asserts alleged liability of the VA under Title VII and Rehabilitation Act for a failure to accommodate disability (Count I), discrimination based on sex and disability (Count II), and constructive discharge (Count III). Doc. 1. In a fourth count, Bagby asserts an alternative count seeking an order of the Court to enforce findings made by the EEOC in her case. Although the procedural history of Bagby case is somewhat complicated, the end result is that – at best – only the fourth count of her COMPLAINT is properly before the Court.

## B. Procedural background[1]

On October 17, 2021, Bagby filed an administrative complaint of discrimination alleging workplace discrimination based on sex and disability. Doc. 1, at ¶¶ 8,9. The VA issued a final agency decision ("FAD") finding no discrimination on September 26, 2022. Doc. 1, at ¶ 10(b). Thereafter, Bagby appealed the VA's decision to the EEOC. Doc. 1, at ¶ 10(c). On May 6, 2024, the EEOC issued a decision finding in favor of the VA on all issues of discrimination raised by Bagby except for one matter. Doc. 1-2, at 1-10. Specifically, the EEOC concluded that the VA "failed to make good faith efforts to accommodate [Bagby's] disability after July 14, 2021, and instead discriminated against [Bagby] by continuing her sick leave restriction and charging her with AWOL." Doc. 1-2, at 10. Based on this finding, the EEOC ordered the VA to take several steps including conducting a supplemental investigation to determine the amount of any compensatory damages due to Bagby. Doc. 1-2, at 10.

In its decision, the EEOC notified Bagby of her options in response to the order if she felt aggrieved by the decision, to wit:

(a) Bagby could seek reconsideration within 30 days, or

(b) Bagby could file a civil action in district court.

Doc. 1-2, at 13-14. Bagby did not avail herself of either option and, as a consequence, decision went into effect with the VA conducting a supplemental investigation into the amount of compensatory damages sustained by Bagby and taking other actions.

---

[1] The facts are drawn from the COMPLAINT and attachments thereto. It is, of course, well settled that in ruling on a motion to dismiss under Rule 12(b)(6), a court generally must look only to the language within "the four corners" of the complaint. 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED PRAC. AND PROC. § 1357 (3d ed. 2004). However, "documents attached to or incorporated within a complaint are considered part of the pleadings, and courts may look at such documents 'for all purposes,' including to determine whether a plaintiff has stated a plausible claim." *Brown v. Medtronic*, Inc., 628 F.3d 451, 459-60 (8th Cir. 2010).

To that end, on March 12, 2025, the VA issued a FAD on the lone issue of compensatory damages ("the Compensatory Damages FAD") that assessed Bagby's damages at $1,200. Doc. 1-3, at 2-10.  Bagby appealed the Compensatory Damages FAD to the EEOC on April 14, 2025.  Doc. 1-5, at 1.  In addition, near the same time as the issuance of the Compensatory Damages FAD, Bagby also filed a petition for enforcement with the EEOC seeking the issuance of an order to the VA to force compliance with the remedies outlined in the EEOC's original order. Doc. 1-4, at 1.

On June 25, 2025, the EEOC issued its formal Decision on Petition for Enforcement.  Doc. 1-4, at 1-2.  In that decision, the EEOC concluded that the VA "has implemented the final decision" and that the EEOC would "not undertake further efforts to obtain compliance."  Doc. 1-4, at 2.  The EEOC's decision further notified Bagby:

> This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision.  You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date you receive this decision.

Doc. 1-4, at 2.  Within the 90-day limitation period, on September 22, 2025, Bagby filed her COMPLAINT with this Court.  Doc. 1.

### C. The relief sought by Bagby in Counts I through III is untimely and must be dismissed.

In the first three counts of her COMPLAINT, Bagby seeks to resurrect all of the sex and disability discrimination claims raised in and encompassed by her original 2021 administrative complaint. These claims are time-barred.  As explained below, once the EEOC issued its May 6, 2024 decision on Bagby's administrative complaint of discrimination, Bagby had the option of seeking timely judicial review and obtain *de novo* review on <u>all issues</u> in her case or allow the EEOC order to go into effect and, if necessary, seek enforcement of the remedies ordered by the EEOC.  Bagby chose the latter option. As such, any effort now to seek judicial review of the original discrimination claims is untimely.

3

In 1972, Congress enacted the Equal Employment Opportunity Act of 1972, PUB. L. NO. 92-261, § 11, 86 Stat. 103, 111-12 (*codified at* 42 U.S.C. § 2000e-16) to ensure that:

> All personnel actions affecting employees or applicants for employment [with the federal government] shall be made free from any discrimination based on race, color, religion, sex, or national origin

42 U.S.C. § 2000e-16(a). This law, for the first time extended many of the protections of Title VII of the Civil Rights Act of 1964 to federal government employees. Similarly, in 1991, following the passage of the ADA, the EEOC construed the Rehabilitation Act and adopted regulations stating that a federal "agency shall not discriminate against a qualified individual with physical or mental handicaps." 29 C.F.R. § 1614.203(b) [1992 version]. As a consequence of the EEOC's regulation, federal government agencies – including the VA – thereafter adopted regulations making it clear that they were subject to the Rehabilitation Act's anti-discrimination provisions with regard to federal employment (utilizing the remedies, procedures, and rights set forth in Title VII).

Under Section 2000e-16, a federal complainant, after exhausting administrative appeals within an agency (*i.e.*, receiving a FAD), has the right to file a civil action in federal district court "[w]ithin 90 days of receipt of notice of final [agency] action taken by" the employing federal agency. 42 U.S.C. § 2000e-16(c). Alternatively, a federal complainant instead may elect to appeal the FAD to the EEOC, as was done by Bagby in the present case. If this latter alternative is exercised, the federal complainant has the right to proceed to federal district court within 90 days[2] of the receipt of a final decision by the EEOC. 42 U.S.C. § 2000e-16(c). These rules were explained to Bagby by the EEOC in its decision:

---

[2] The limitations period for filing suit in federal district court was extended from 30 to 90 days by the Civil Rights Act of 1991 and became effective November 21, 1991. PUB. L. NO. 102-166, § 114, 105 Stat. 1071, 1079.

4

> If you wish to file a civil action, you have the right to file such action in an appropriate United States District Court <u>within ninety (90) calendar days</u> from the date that you receive this decision. . . . <u>Filing a civil action will terminate the administrative processing of your complaint</u>.

Doc. 1-2, at 14 (*emphasis in original*). The EEOC issued its decision on May 6, 2024, meaning that Bagby had until approximately August 4, 2024 to file a civil action. She did not; instead electing to seek EEOC enforcement of the partially favorable decision.[3]

In enacting Section 2000e-16, Congress waived the federal government's sovereign immunity against discrimination claims arising in the government workplace. *See*, *e.g.*, *Loeffler v. Frank*, 486 U.S. 549, 558, 108 S.Ct. 1965, 1971 (1988); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 449 n.2, 96 S.Ct. 2666, 2668 n.2 (1976). Congress, however, did not waive the federal government's sovereign immunity unconditionally. Specifically, with regard to the issue at the heart of this motion, the Supreme Court explicitly has explained that compliance with the 90-day deadline set out in 42 U.S.C. § 2000e-16(c) is a "condition to the waiver of sovereign immunity and thus must be strictly construed." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 94, 111 S.Ct. 453, 456 (1990). Thus, as summarized by another court:

---

[3] In *Carver v. Holder*, 606 F.3d 690 (9th Cir. 2010), the Court explained that a prevailing or partially-prevailing federal complainant before the EEOC "has two avenues into federal court." *Id*. at 696. The complainant may seek to enforce the EEOC decision (as Bagby did) or "[i]f the prevailing employee opts not to seek enforcement, [she] can alternatively choose to bring a civil action against the agency." *Id*. However, if the complainant brings a timely action for judicial review, "such a civil action must be *de novo*, putting at issue both the [EEOC's] liability determination – *i.e.*, its decision that an agency has acted in a discriminatory manner – and its finding with regard to remedies." *Id*. As one court summarized:

> [F]ederal employees who secure a final administrative disposition finding discrimination and ordering relief have a choice: they may either accept the disposition and its award, or file a civil action, trying *de novo* both liability and remedy.

*Scott v. Johanns*, 409 F.3d 466, 471-72 (D.C. Cir. 2005).

5

> In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of "rigorous administrative exhaustion requirements and time limitations."

*MacFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) (*quoting*, *in part*, *Brown v. General Services Admin.*, 425 U.S. 820, 833, 96 S.Ct. 1961, 1968 (1976)). In this case, Bagby failed to meet the deadline set out in 42 U.S.C. § 2000e-16(c) with respect to the claims she asserts in Counts I thought III of her COMPLAINT.

Pursuant to Title VII, the 90-day requirement begins when a plaintiff is in "receipt" of the EEOC's final decision. Inasmuch as the EEOC generally sends out final decisions by regular, first-class mail, federal courts have had to consider the presumed date of when an EEOC decision is received by a plaintiff. To that end, federal courts begin with the basic presumption that the EEOC letter issuance date is also the date on which the letter was mailed. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1123 (9th Cir. 2007); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379-80 (5th Cir. 2002).

In calculating the 90-day limitation period, federal courts obviously must also consider a second date – the date the EEOC letter was delivered to a plaintiff by the United States Postal Service. In that regard, "[m]ost courts, including the Supreme Court [in *Baldwin Cty. Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723 (1984) (*per curiam*)], have presumed a receipt date of three days after EEOC letter issuance." *Payan*, 495 F.3d at 1124-25.[4]

---

[4] *Cf. Baldwin County Welcome Center*, 466 U.S. at 148 n.1, 104 S.Ct. at 1724 n.1 (applying a three-day presumption); *Seitzinger*, 165 F.3d at 239; *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 n.3 (D.C. Cir. 1998); *Sherlock*, 84 F.3d at 525- 26, *with Banks*, 855 F.2d at 326 (applying a five-day presumption). The Eighth Circuit has not addressed the issue. *But see Arkansas Motor Coaches, Ltd., Inc. v. Comm'r*, 198 F.2d 189, 191 (8th Cir. 1952) ("Where . . . matter is transmitted by the United States mails, properly addressed and postage fully prepaid, there is a strong presumption that it will be received by the addressee in the ordinary course of the mails."). *See also Waugh v. Potter*, 2006 WL 2990499, op. at *1 n.1 (E.D. Mo. Oct. 19, 2006) (applying a three-day presumption to a federal employee Title VII case).

Indeed, the same three-day presumption is incorporated directly into the Federal Rules of Civil Procedure:

> When a party may or must act within a specified time after service and service is made [by mail], 3 days are added after the period would otherwise expire under Rule 6(a).

FED. R. CIV. P. 6(d). In this case, whether a three-day rule is utilized or a five-day rule is employed, Bagby's COMPLAINT is undeniably untimely.

Once Bagby received the May 6, 2024 decision from the EEOC she had a clear choice – seek timely judicial review of the EEOC's decision that would result in a *de novo* review of all issues or accept the EEOC decision and, if necessary, seek later judicial review only to enforce the EEOC decision. In this case, Bagby chose the latter. Consequently, her current federal court case – filed <u>over 500 days after the EEOC issued its final decision</u> – is untimely. As such, a necessary condition to the federal government's waiver of sovereign immunity has not been met and, on their face, Counts I through III of Bagby's COMPLAINT fail to state a cognizable claim for employment discrimination against the VA and must be dismissed by the Court.[5]

---

[5] At this time, the VA does not seek a dismissal of Count IV of Bagby's COMPLAINT which seeks to enforce the EEOC's May 6, 2024 order. The VA notes, however, that such an equitable action is extremely limited in scope. *Cf. Scott v. Johanns, supra*, 409 F.3d at 469 ("In . . . enforcement actions, the court reviews neither the discrimination finding nor the remedy imposed, examining instead only whether the employing agency has complied with the administrative disposition."). In this case, the EEOC has already determined that the VA has substantially complied with its order and there is federal precedent suggesting that such an administrative finding forecloses judicial review. *Cf. Carver*, 606 F.3d at 697 ("Because the administrative disposition before us includes a finding that the [employing agency] was in full compliance with the EEOC's order, the district court properly granted summary judgment to defendants.").

Respectfully submitted,

R. Matthew Price
United States Attorney

By    */s/ Jeffrey P. Ray*

Jeffrey P. Ray
First Asst. United States Attorney & Civil Chief
Missouri Bar No. 35632

Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
Kansas City, MO 64106
(816) 426-3130
FAX: (816) 426-3165
E-MAIL: Jeffrey.Ray@usdoj.gov

ATTORNEYS FOR NAMED DEFENDANTS
THE UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS AND DOUGLAS A.
COLLINS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system on this 28th day of November, 2025. In addition, a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT** was placed in the first-class United States mail, postage prepaid, and addressed to:

Ferdinand F. Nelson
1148 Glenn Avenue
Springfield, Missouri 65802

*PRO SE* PLAINTIFF

on this 28th day of November, 2025.

/s/ Jeffrey P. Ray
Jeffrey P. Ray
First Assistant U.S. Attorney & Civil Chief