# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

KAITLIN BAGBY, )
)
Plaintiff, )
)
v. ) Case No. 25-00745-CV-W-DGK
)
UNITED STATES DEPARTMENT OF )
VETERANS AFFAIRS, *et al*., )
)
Defendants. )

# DEFENDANTS' REPLY SUGGESTIONS IN FURTHER SUPPORT OF THE MOTION TO DISMISS COUNTS I-III OF PLAINTIFF'S COMPLAINT

Pursuant to FED. R. CIV. P. 12(b)(6), named defendants the United States Department of Veterans Affairs and Douglas A. Collins, in his official capacity as the Secretary of Veterans Affairs (collectively "the VA"), submit the following brief reply suggestions in further support of their DEFENDANTS' MOTION TO DISMISS COUNTS I-III OF PLAINTIFF'S COMPLAINT [Doc. 8].

In their motion for partial dismissal of Counts I through III of the COMPLAINT AND JURY DEMAND [Doc. 1] filed herein by plaintiff Kaitlin Bagby ("Bagby"), the VA made a straightforward argument that the employment discrimination claims raised in Counts I through III were the subject of an EEOC order on May 6, 2024 finding no discrimination. In that order, consistent with statutory law, the EEOC notified Bagby that, if she wanted to appeal its order to district court, she needed to do so within 90 days. Bagby did not meet this deadline and only filed her COMPLAINT herein on September 22, 2025, or <u>504 days after the EEOC issued its adverse decision</u>. The VA's motion for partial dismissal set forth an undisputed timeline of critical events during the administrative stages of this case, to wit::

| | |
|---|---|
| **October 17, 2021** | Bagby filed an administrative complaint of discrimination alleging various claims of workplace discrimination based on sex and disability. |
| **September 26, 2022** | The VA issued a final agency decision ("FAD") finding no discrimination as to any of Bagby's allegations. |
| **May 6, 2024** | On review of the FAD, the EEOC issued a decision finding in favor of the VA on all issues of discrimination raised by Bagby except for one matter wherein the EEOC concluded the VA had "failed to make good faith efforts to accommodate [Bagby's] disability after July 14, 2021, and instead discriminated against [Bagby] by continuing her sick leave restriction and charging her with AWOL." |
| | In its decision, the EEOC notified Bagby that she could seek reconsideration from the EEOC within 30 days, or she could file a civil action in district court within 90 days (which Bagby was told would "terminate the administrative processing" of her complaint"), or she could let the decision stand and participate in further administrative proceedings involving damages for the one isolated claim. |
| **August 5, 2024** | Bagby did not file a civil action in district court within 90 days. |
| **March 12, 2025** | After further administrative proceedings, the VA issued a decision on compensatory damages for the one issued identified by the EEOC, awarding Bagby $12,000.00. |
| | Bagby then filed a petition with the EEOC seeking an order to enforce the VA's compliance with the terms of the original EEOC order. |
| **June 25, 2025** | The EEOC ruled that the VA had "implemented the final decision" and that the EEOC would "not undertake further efforts to obtain compliance." |
| | The EEOC advised Bagby she could file a civil action in district court within 90 days challenging its decision. |
| **September 22, 2025** | On the 89th day after the EEOC's ruling on the VA's compliance, Bagby filed this lawsuit seeking to enforce compliance by the VA with the EEOC order of May 6, 2024 [Count IV] and also seeking to bring claims for Bagby's original claims of sex and disability discrimination [Counts I through III]. |

On January 29, 2025, Bagby filed her PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS [Doc. 12]. PLAINTIFF'S OPPOSITION is replete with wholly irrelevant arguments and factual matter and utterly fails to refute the simple legal issue involved in the VA's motion for partial dismissal. Indeed, stripped of its wholly immaterial content, Bagby's entire argument boils down to the assertion that the VA "did not issue an FAD on Plaintiff's complaint until January 13, 2026." Doc. 12, at 8. This deliberately misleading claim is a blatant effort to obfuscate the issue before the Court.

With regard to the claims asserted by Bagby in Counts I through III – the only subject of the motion for partial dismissal – the VA issued a FAD on September 26, 2022, addressing those claims. Indeed, Bagby attached the FAD to her COMPLAINT. Doc. 1-2. As was her right, Bagby challenged the VA's FAD before the EEOC and (with one exception) lost all of her arguments before the EEOC. When the EEOC issued that decision on May 6, 2024, Bagby had a clear choice: appeal the decision to district court within 90 days and obtain *de novo* review on all of her claims or accept the EEOC decision and seek damages administratively for the one remaining claim. Bagby deliberately chose the latter option and that decision must have consequences.

In an effort to avoid the consequences of her decision, Bagby engages in misdirection and notes that the VA issued a FAD on January 13, 2026 and, thus, her current lawsuit is timely. Tellingly, Bagby does not provide the Court with a copy of this FAD. It is attached hereto as "Exhibit A" Even a cursory reading of the FAD readily discloses that it was issued merely to administratively close the file. Nothing in the FAD revives or reinstates Bagby's claims of alleged claims of discrimination based on sex and disability which the EEOC decided in favor of the VA and for which Bagby wholly failed to seek timely review in district court.

Once Bagby received the May 6, 2024 decision from the EEOC she had a clear choice – seek timely judicial review of the EEOC's decision that would result in a *de novo* review of all issues or accept the EEOC decision and, if necessary, seek later judicial review only to enforce the EEOC decision. *Cf. Carver v. Holder*, 606 F.3d 690, 696 (9th Cir. 2010); *Scott v. Johanns*, 409 F.3d 466, 471-72 (D.C. Cir. 2005). In this case, Bagby chose the latter. The law does not permit her to have her cake and eat it too.

Because Bagby did not seek timely judicial review of the May 6, 2024 EEOC decision, a necessary condition to the federal government's waiver of sovereign immunity has not been met and, as such, on their face, Counts I through III of Bagby's COMPLAINT fail to state a cognizable claim for employment discrimination against the VA and must be dismissed by the Court.[1]

Respectfully submitted,

R. Matthew Price
United States Attorney

By    */s/ Jeffrey P. Ray*

Jeffrey P. Ray
First Asst. United States Attorney & Civil Chief
Missouri Bar No. 35632

Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
Kansas City, MO 64106

ATTORNEYS FOR NAMED DEFENDANTS
THE UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS AND DOUGLAS A.
COLLINS

---

[1] The VA does not seek a dismissal of Count IV of Bagby's COMPLAINT which seeks to enforce the EEOC's May 6, 2024 order. The VA does point out, however, that such an equitable action is extremely limited in scope. *Scott*, 409 F.3d at 469 ("In . . . enforcement actions, the court reviews neither the discrimination finding nor the remedy imposed, examining instead only whether the employing agency has complied with the administrative disposition.").

4