**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

| | |
|---|---|
| **Kaitlin Bagby,** | ) |
| | ) |
| *Complainant*, | ) |
| | ) |
| *v.* | ) **VA Case No. 200J-0589-2021105296** |
| | ) |
| **Secretary,** | ) |
| **Department of Veterans Affairs,** | ) |
| | ) |
| *Agency*. | ) |

**FINAL AGENCY DECISION**
**(Procedural Dismissal)**

This is a final agency decision dismissing the above-referenced complaint filed on October 17, 2021. The reason for the dismissal is explained below.

**BACKGROUND**

Complainant filed this complaint on October 17, 2021. The Agency issued a Final Agency Decision (FAD) on September 26, 2022, finding that Complainant was not subjected to disability discrimination or sex discrimination as claimed. Complainant filed a timely appeal of the September 26, 2022, FAD on October 21, 2022. The Equal Employment Opportunity Commission (EEOC) Office of Federal Operations (OFO) issued a decision on May 6, 2024, partially reversing the findings of September 26, 2022, FAD. Specifically, OFO found in May 6, 2024, decision that the Agency discriminated against Complainant based on a pregnancy-related disability when the Agency failed to provide an effective accommodation for Complainant between July 14, 2021, and September 14, 2021, the date of Complainant's resignation from the Agency. OFO also found in the May 6, 2024, decision that Complainant failed to prove that she was subjected to sex-based discrimination or a discriminatory constructive discharge as she claims. As part of the remedies related to the finding of discrimination in May 6, 2024, decision, OFO ordered the Agency to conduct an investigation related to compensatory damages and determine the amount of compensatory damages due Complainant in a FAD with appeal rights to the Commission. The Agency filed an immediate Request for Reconsideration of May 6, 2024, OFO decision, and, on October 15, 2024, OFO denied the Agency's Request for

1

Reconsideration and ordered the Agency to fulfill the orders issued in the May 6, 2024, decision.

The Agency issued a final agency decision on Complainant's entitlement to compensatory damages in accordance with the Commission's regulations at 29 C.F.R. Section 1614.501 on March 12, 2025. On September 22, 2025, Complainant filed a complaint in the United States District Court for the Western District of Missouri (Civil Action No. 4:25-CV-00745) in which she asserted the same claims as the accepted claims in this complaint (Agency Case No.: 200J-0589-2021105296), including whether Complainant was subjected to discrimination based on sex and disability when the Agency denied her requests for leave, charged her AWOL, denied her an effective reasonable accommodation, subjected her to harassment, and constructively discharged her between June 2, 2021, and September 14, 2021.

## APPLICABLE REGULATIONS

According to 29 C.F.R. § 1614.107(a)(3), the Agency shall dismiss an entire complaint that is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint, or that was the basis of a civil action decided by a United States District Court in which the complainant was a party.

## DISCUSSION

Complainant filed a complaint in United States District Court on September 22, 2025, in which she asserted the same claims as in this administrative complaint, which she filed on October 17, 2021. Because Complainant filed a complaint in United States District Court based on the same claims as this administrative complaint and more than 180 days have passed since she filed this complaint, this complaint is properly dismissed in accordance with 29 C.F.R. § 1614.107(a)(3).

## CONCLUSION

Accordingly, for the reasons noted above, the complaint is dismissed in its entirety.

## RIGHT OF APPEAL

Complainant may appeal this final agency decision within 30 calendar days of receipt to: **Equal Employment Opportunity Commission, Office of Federal Operations (EEOC-OFO)**. The appeal may be filed via the EEOC's Public Portal, U.S. Mail, or Hand-Delivery.

1. **EEOC-OFO recommends that all submissions and communications from complainants be electronic.**

a. **Appeals submitted electronically should be completed via the EEOC Public Portal at https://publicportal.eeoc.gov/Portal/Login.aspx.** See warning below and detailed instructions attached.

**WARNING!**

**Attorneys and non-legal representatives MUST <u>NOT</u> use the EEOC Public Portal to file appeals on behalf of their clients as the portal will incorrectly list the representative as the complainant. Therefore, COMPLAINANTS MUST file electronic appeals themselves through the EEOC Public Portal regardless of whether they are represented.**

b. **Appeals submitted by mail should be completed by using EEOC Form 573.** A copy of EEOC Form 573 is attached. Appeals submitted by mail should be sent to:

> Director
> Equal Employment Opportunity Commission
> Office of Federal Operations
> P.O. Box 77960
> Washington, D.C. 20013

c. **As an alternative to mailing the appeal, the appeal may be hand-delivered to**:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> 131 M St., N.E., Ste. 5SW12G
> Washington, D.C. 20507

**2. If mailing or hand-delivering the appeal to the EEOC-OFO, a copy of the appeal must also be sent to the VA Office of General Counsel at the following address:**

> Department of Veterans Affairs
> Office of General Counsel (024)
> 810 Vermont Avenue, N.W.
> Washington, D.C. 20420

3. Statements or briefs in support of the appeal must be submitted to the EEOC-OFO within 30 calendar days of the filing of the appeal. The EEOC-OFO will accept statements or briefs in support of an appeal by facsimile transmittal at (202) 663-7022. <u>If statements or briefs are submitted by mail or hand delivery, a copy of any such statement or brief, including any statements made on EEOC's "Appellant Docketing Statement," must also be sent to the VA's Office of General Counsel at the above address.</u>

4. If an appeal is filed with the EEOC-OFO by mail or hand delivery, the appeal, and any subsequently filed statement or brief, must contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of General Counsel.

5. If Complainant files an appeal with the EEOC-OFO beyond the above-noted time limit, Complainant should provide the EEOC-OFO with an explanation as to why the appeal should be accepted despite its untimeliness. If Complainant cannot explain why timeliness should be excused, the EEOC-OFO may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

Complainant also has the right to file a civil action in an appropriate United States District Court. Complainant may file a civil action as follows:

(1) Within 90 days of receipt of this final decision if no appeal to the EEOC-OFO has been filed; OR,

(2) Within 90 days after receipt of the EEOC-OFO's final decision on appeal; OR,

(3) After 180 days from the date of filing an appeal with the EEOC-OFO if there has been no final decision by the Commission.

Complainant must name the official head of the Department of Veterans Affairs, **Douglas A. Collins**, as the Defendant. Complainant may not name just the Department. Complainant must also state the official title of the Department head, which is the **Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case.

If Complainant decides to file a civil action under Title VII of the Civil Rights Act of 1964 (for discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended (for discrimination due to disability), and if Complainant does not have or cannot afford the services of an attorney, Complainant may request that the Court appoint an attorney to represent Complainant and that the Court permit Complainant to file the action without payment of fees, costs, or other security.

**The grant or denial of the request is within the sole discretion of the Court**. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action <u>MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS</u> of the date that Complainant receives the final agency decision from the Department or the Commission.


*Kathleen Oddo*                          <u>1/12/2026</u>
Kathleen K. Oddo                          Date
Executive Director
Office of Employment Discrimination
Complaint Adjudication

Enclosures:  EEOC Public Portal Instructions
                     EEOC Form 573

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**


**CERTIFICATE OF SERVICE**


Complainant's Name:        Kaitlin Bagby
Agency Case No.:        200J-0589-2021105296


I certify that on January 12, 2026, the foregoing Final Agency Decision was sent via electronic mail to the individuals and parties shown below.


**Complainant:**
Kaitlin Bagby
kaitlin.b.bagby@gmail.com

**Complainant's Representative:**
Rebecca Randles
rebecca@rmblawyers.com

**ORM District Office:**
Office of Resolution Management (08O)
ORMMDFrontOffice@va.gov

**Medical Center Director:**
Paula Roychaudhuri
Paula.Roychaudhuri@va.gov

**VA Regional Counsel's Office:**
Thomas Bailey
Thomas.Bailey3@va.gov


_Christina M. Ladds_
Signature of Dispatcher