**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| KAITLIN BAGBY, | ) | |
| Plaintiff, | ) | Case No. 4:25-CV-00745 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| DOUGLAS A. COLLINS, SECRETARY, | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, Kaitlin Bagby, proceeding pro se, states as follows:

**I. NATURE OF THE ACTION**

1. This is a civil action for disability discrimination, pregnancy discrimination, failure to accommodate, and constructive discharge.

2. Plaintiff brings this case after completing the administrative EEO process.

3. The Equal Employment Opportunity Commission found that Defendant failed to provide Plaintiff a reasonable accommodation for her pregnancy-related disability between July 14, 2021 and September 14, 2021.

4. Plaintiff seeks relief for the harm caused by that conduct.

**II. JURISDICTION AND VENUE**

5. This Court has jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 2000e-16, and 29 U.S.C. § 794a.

6. The events in this case took place at the Kansas City VA Medical Center in this District.

1

### III. EXHAUSTION AND TIMELINESS

7. Plaintiff filed an EEO complaint on October 17, 2021.

8. The Department of Veterans Affairs issued a Final Agency Decision on September 26, 2022.

9. Plaintiff appealed that decision to the Equal Employment Opportunity Commission on October 21, 2022.

10. On May 6, 2024, the EEOC issued a decision finding that Defendant failed to provide reasonable accommodation.

11. On October 15, 2024, the EEOC denied the agency's request for reconsideration.

12. Plaintiff filed a Petition for Enforcement on January 22, 2025.

13. The agency issued a compensatory damages decision on March 12, 2025 awarding $12,000.

14. Plaintiff appealed that decision on March 14, 2025.

15. On June 25, 2025, the EEOC issued a decision on Plaintiff's Petition for Enforcement and notified Plaintiff of her right to file a civil action.

16. Plaintiff filed this action on September 22, 2025, within 90 days of receiving the EEOC's June 25, 2025, decision.

17. Plaintiff's appeal of the compensatory damages decision remained pending before the EEOC at the time this action was filed.

18. More than 180 days had elapsed between the filing of Plaintiff's appeal of the compensatory damages decision on March 14, 2025, and the filing of this action.

### IV. FACTUAL ALLEGATIONS

19. The discrimination occurred between July 14, 2021 and September 14, 2021.

20. Plaintiff worked as a Registered Nurse at the Kansas City VA Medical Center.

2

21. Plaintiff's supervisor during this time frame was Mary Wydick.

22. Plaintiff experienced a pregnancy-related medical condition, including hyperemesis gravidarum, which caused severe and persistent nausea and vomiting.

23. The condition made it hard for Plaintiff to eat, sleep, and do daily activities.

24. Plaintiff informed her supervisor that she had a pregnancy-related medical condition.

25. Plaintiff informed Defendant that her absences were related to that condition and provided information about her medical limitations.

26. On July 29, 2021, Plaintiff's supervisor sent a written communication referencing Plaintiff's pregnancy and morning sickness in connection with her absences.

27. Plaintiff requested reasonable accommodations, including adjustments to her schedule, duties, and the use of leave or other workplace flexibility.

28. Instead of working with Plaintiff on her accommodation requests, Defendant told Plaintiff to contact Human Resources.

29. Defendant did not enter Plaintiff's accommodation request in the agency's accommodation system.

30. Plaintiff told her supervisor she felt she had to choose between her job and her health.

31. Plaintiff's condition made it difficult for her to wear the standard work uniform.

32. Plaintiff requested flexibility with dress code requirements, and those requests were not acknowledged.

33. Defendant required Plaintiff to provide medical documentation for absences related to her condition.

34. Plaintiff followed call-in procedures and did not leave work without notifying her supervisor.

35. Defendant marked Plaintiff as AWOL during times she was unable to work because of her

condition, even after being informed of her medical issues.

36. Plaintiff was charged with approximately 36.5 hours of absence without leave.

37. The EEOC ordered those charges to be removed and converted to approved leave.

38. Defendant did not allow Plaintiff to use annual leave for absences related to her condition.

39. Plaintiff sought to qualify for the leave donation program.

40. Because Defendant would not let Plaintiff use her annual leave, she could not qualify for the leave donation program.

41. Other employees were allowed to switch shifts, but Plaintiff was not.

42. Defendant did not work with Plaintiff to find a reasonable accommodation.

43. Plaintiff's condition and need for accommodation was obvious.

44. The EEOC found that Defendant failed to provide reasonable accommodation.

45. The EEOC found that Defendant did not show that providing an accommodation would have caused an undue hardship.

46. The EEOC found that Defendant's stated reasons were not supported by the record.

47. Compensatory damages were not fully resolved during the administrative process.


## V. CLAIMS FOR RELIEF

**COUNT I: Disability Discrimination**

48. Plaintiff incorporates paragraphs 1-47.

49. Plaintiff had hyperemesis gravidarum, a medical condition that limited major life activities, including eating, sleeping, and working.

50. Plaintiff was able to perform her job with reasonable accommodation.

51. Defendant failed to provide a reasonable accommodation.

4

## COUNT II: Pregnancy Discrimination

52. Plaintiff incorporates paragraphs 1-47.

53. Defendant treated Plaintiff worse than other employees who were not pregnant, even though they had similar ability or inability to work.

54. Defendant denied Plaintiff flexibility and leave that other employees were allowed to use, which led to Plaintiff being charged with AWOL and facing negative consequences.

## COUNT III: Failure to Accommodate

55. Plaintiff incorporates paragraphs 1-47.

56. Plaintiff requested reasonable accommodations.

57. Defendant did not work with Plaintiff to identify or provide a reasonable accommodation or engage in the interactive process.

58. The EEOC found that the Defendant's stated reasons for denying accommodation were "pretextual."

## COUNT IV: Constructive Discharge

59. Plaintiff incorporates paragraphs 1-47.

60. Defendant denied accommodations and charged Plaintiff with being absent without leave due to her medical condition.

61. Defendant knew about Plaintiff's condition and was aware that Plaintiff stated she felt she had to choose between her job and her pregnancy.

62. Defendant warned of potential disciplinary action despite knowing her condition and accommodation requests.

63. These conditions continued over time and made it intolerable for the Plaintiff

64. Plaintiff resigned on September 14, 2021, as a result of these conditions.

## VI. RELIEF REQUESTED

Plaintiff requests:

a. Compensatory damages;

b. Back pay and benefits;

c. Attorney's fees and costs, including any fees awarded during the administrative process that

    have not been paid;

d. Any other relief the Court believes is appropriate.

## VII. JURY DEMAND

Plaintiff demands a trial by jury.

**Respectfully submitted,**

Kaitlin Bagby
Plaintiff, pro se
Zum Rosental 24
Queidersbach, Germany
kaitlin.b.bagby@gmail.com
931-538-8950

**CERTIFICATE OF SERVICE**

I certify that on April 15th, 2026, I filed this document with the Clerk of the Court using the

CM/ECF system, which will send notice to Defendant's counsel of record.

Kaitlin Bagby