# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| KAITLIN BAGBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-00745-CV-W-DGK |
| | ) | |
| DOUGLAS A. COLLINS, SECRETARY OF | ) | |
| VETRANS AFFAIRS, | ) | |
| | ) | |
| Defendants. | ) | |

# DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
### (*With Supporting Suggestions Incorporated*)

Pursuant to FED. R. CIV. P. 12(b)(6), defendant[1] Douglas A. Collins, in his official

capacity as the Secretary of Veterans Affairs ("VA"), hereby moves the Court for an order

dismissing the FIRST AMENDED COMPLAINT [[Doc. 23] filed herein by *pro se* plaintiff Kaitlin

Bagby ("Bagby") for failing to state a claim upon which relief may be granted against the VA.[2]

---

[1]     When the original COMPLAINT [Doc. 1] filed was filed in this case by Bagby's former counsel, the Department of Veterans Affairs was also named as separate defendant.  In Bagby's AMENDED COMPLAINT, however, the agency itself is not listed as a defendant. *Cf. Barnes v. United States*, 111 Fed. Appx. 441, 443 (8th Cir. 2004) (*per curiam*) (certain defendants were dismissed from the suit by virtue of plaintiff's failure to name them in the amended complaint); *National Fed'n of the Blind of Mo. v. Cross*, 184 F.3d 973, 978 (8th Cir. 1999) (amended complaint "eliminated" a defendant); *Carlson v. Educ. Credit Mgmt. Corp. Shared Servs. Co., LLC*, 2020 WL 6305935, at \*3 (D. Minn. Oct. 28, 2020) (defendant "not named [in amended complaint but who was named in the original complaint was] no longer a party to th[e] litigation").

[2]     In response to the original COMPLAINT, the VA filed a motion for partial dismissal.  Doc. 8.  In that pleading, the VA sought dismissal of Counts I through III of the original COMPLAINT which correspond to Counts I through IV of the current AMENDED COMPLAINT.  Docs.1, 23.  The original Complaint also included a count seeking to enforce findings made by the EEOC.  Doc. 1 ¶¶ 82-88.  The VA's motion to dismiss did not seek a Rule 12 dismissal of that particular counts.  Doc. 8.  However, the current AMENDED COMPLAINT does not continue to seek this relief.  Accordingly, this motion seeks a dismissal of the entire lawsuit.

## A. Overview

On April 15, 2026, Bagby filed her AMENDED COMPLAINT in this Court alleging that she had been discriminated against based on sex (pregnancy) and disability while employed by the VA. Doc. 23.  In the four counts of her AMENDED COMPLAINT, Bagby asserts alleged liability of the VA under Title VII and Rehabilitation Act for a failure to disability discrimination (Count I), sex (pregnancy) discrimination (Count II), failure to accommodate (Count III), and constructive discharge (Count IV). Doc. 23.  Although the procedural history of Bagby case is somewhat complicated and unusual, the end result is that all of the counts raised in Bagby's AMENDED COMPLAINT must be dismissed under FED. R. CIV. P. 12(b)(6).

## B. Procedural background[3]

On October 17, 2021, Bagby filed an administrative complaint of discrimination alleging workplace discrimination. Doc. 23, at ¶ 7. The VA issued a final agency decision ("FAD") finding "no discrimination" on September 26, 2022. Doc. 23, at ¶ 8. Thereafter, Bagby appealed the VA's decision to the EEOC. Doc. 23, at ¶ 9. On May 6, 2024, the EEOC issued a decision finding in favor of the VA on all issues of discrimination raised by Bagby except for one matter. Doc. 1-2, at 1-10.  Specifically, the EEOC concluded that the VA "failed to make good faith efforts to accommodate [Bagby's] disability after July 14, 2021, and instead discriminated against [Bagby] by continuing her sick leave restriction and charging her with AWOL."  Doc. 1-2, at 10.

---

[3]     The facts are drawn from the COMPLAINT and attachments thereto. It is, of course, well settled that in ruling on a motion to dismiss under Rule 12(b)(6), a court generally must look only to the language within "the four corners" of the complaint. 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED PRAC. AND PROC.      § 1357 (3d ed. 2004).  However, "documents attached to or incorporated within a complaint are considered part of the pleadings, and courts may look at such documents 'for all purposes,' including to determine whether a plaintiff has stated a plausible claim." *Brown v. Medtronic*, Inc., 628 F.3d 451, 459-60 (8th Cir. 2010).

Based on this finding, the EEOC ordered the VA to take several steps including conducting a supplemental investigation to determine the amount of any compensatory damages due to Bagby. Doc. 1-2, at 10. In its decision, the EEOC notified Bagby of her options in response to the order if she felt aggrieved by the decision, to wit: (1) Bagby could seek reconsideration within 30 days, or (2) Bagby could file a civil action in district court. Doc. 1-2, at 13-14. Bagby did not avail herself of either option. Thus, once the decision became final and went into effect,[4] the VA conducted a supplemental investigation into the amount of compensatory damages sustained by Bagby for the failure to accommodate after July 14, 2021. And on March 12, 2025, the VA issued a FAD on the lone issue of compensatory damages ("the Compensatory Damages FAD") assessing Bagby's damages at $12,000.00. Doc. 23, at ¶ 13; Doc. 1-3, at 2-10.

Bagby appealed the Compensatory Damages FAD to the EEOC on April 14, 2025. Doc. 1-6, at 1. In addition, at or near the same time as the issuance of the Compensatory Damages FAD by the VA, Bagby also filed a "petition for enforcement" with the EEOC seeking the issuance of an order to the VA to force compliance with the remedies outlined in the EEOC's original order. Doc. 23, at ¶ 12; Doc. 1-4, at 1.

On June 25, 2025, the EEOC addressed Bagby's challenges by issuing a formal Decision on Petition for Enforcement. Doc. 1-4, at 1-2. In that decision issued by the Director of the Office of Federal Operations, the EEOC concluded that the VA "has implemented the final decision" previously issued by the EEOC and that the EEOC would "not undertake further efforts to obtain compliance." Doc. 1-4, at 2. The EEOC's June 25, 2025 decision further notified Bagby:

---

[4] The VA itself did seek reconsideration, but the request was denied by the EEOC on October 15, 2024. Doc. 23, at ¶ 11.

> This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date you receive this decision.

Doc. 1-4, at 2. Within this 90-day limitation period, on September 22, 2025, Bagby filed her original COMPLAINT with this Court. Doc. 1. However, while Bagby's current AMENDED COMPLAINT relates back to the filing date of the original COMPLAINT, as set out herein, even using a filing date of September 22, 2025, Bagby's claims are untimely.

### C. The claims asserted by Bagby in the four Counts of her AMENDED COMPLAINT must be dismissed.

In her AMENDED COMPLAINT, Bagby seeks to resurrect all of the sex and disability discrimination claims (including constructive discharge) that were raised in and encompassed by her original 2021 administrative complaint. Doc. 1-2, at 2-14. Stated bluntly, these claims are time-barred. As explained below, once the EEOC issued its May 6, 2024 decision on Bagby's administrative complaint of discrimination, Bagby had the option of either (1) seeking timely judicial review and obtaining *de novo* review on <u>all issues,</u> or (2) allowing the EEOC order to go into effect and, if necessary, seek enforcement of the remedies ordered. Bagby chose the latter option[5] and any effort now to seek judicial review of her discrimination claims is untimely.

---

[5] The VA acknowledges that Bagby was represented by her former counsel at the time the decision was made not to seek timely judicial review of the EEOC's May 6, 2024 decision. While sympathetic to Bagby's position, the long-established general rule in American jurisprudence applies here:

> [Plaintiff] voluntarily chose this attorney as [her] representative in the action, and [she] cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of [her] lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Link v. Wabash R. Co.*, 370 U.S. 626, 633-34, 82 S.Ct. 1386, 1390 (1962).

In 1972, Congress enacted the Equal Employment Opportunity Act of 1972, PUB. L. NO. 92-261, § 11, 86 Stat. 103, 111-12 (*codified at* 42 U.S.C. § 2000e-16) to ensure that:

> All personnel actions affecting employees or applicants for employment [with the federal government] shall be made free from any discrimination based on race, color, religion, sex, or national origin

42 U.S.C. § 2000e-16(a). This law, for the first time extended many of the protections of Title VII of the Civil Rights Act of 1964 to federal government employees. Similarly, in 1991, following the passage of the ADA, the EEOC construed the Rehabilitation Act and adopted regulations stating that a federal "agency shall not discriminate against a qualified individual with physical or mental handicaps." 29 C.F.R. § 1614.203(b) [1992 version]. As a consequence of the EEOC's regulation, federal government agencies – including the VA – thereafter adopted regulations making it clear that they were subject to the Rehabilitation Act's anti-discrimination provisions with regard to federal employment (utilizing the remedies, procedures, and rights set forth in Title VII).

Under Section 2000e-16, a federal complainant, after exhausting administrative appeals within an agency (*i.e.*, receiving a FAD), has the right to file a civil action in federal district court "[w]ithin 90 days of receipt of notice of final [agency] action taken by" the employing federal agency. 42 U.S.C. § 2000e-16(c). Alternatively, a federal complainant instead may elect to appeal the FAD to the EEOC, as was done by Bagby in the present case. If this latter alternative is exercised, the federal complainant has the right to proceed to federal district court within 90 days[6] of the receipt of a final decision by the EEOC. 42 U.S.C. § 2000e-16(c). These rules were explained to Bagby by the EEOC in its decision:

---

[6] The limitations period for filing suit in federal district court was extended from 30 to 90 days by the Civil Rights Act of 1991 and became effective November 21, 1991. PUB. L. NO. 102-166, § 114, 105 Stat. 1071, 1079.

> If you wish to file a civil action, you have the right to file such action in an appropriate United States District Court <u>within ninety (90) calendar days</u> from the date that you receive this decision. . . . <u>Filing a civil action will terminate the administrative processing of your complaint</u>.

Doc. 1-2, at 14 (*emphasis in original*).  The EEOC issued its decision on May 6, 2024, meaning that Bagby had until approximately August 4, 2024 to file a civil action.  She did not; instead electing to seek EEOC enforcement of the partially favorable decision.[7]

In enacting Section 2000e-16, Congress waived the federal government's sovereign immunity against discrimination claims arising in the government workplace. *See*, *e.g.*, *Loeffler v. Frank*, 486 U.S. 549, 558, 108 S.Ct. 1965, 1971 (1988); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 449 n.2, 96 S.Ct. 2666, 2668 n.2 (1976). Congress, however, did not waive the federal government's sovereign immunity unconditionally. Specifically, with regard to the issue at the heart of this motion, the Supreme Court explicitly has explained that compliance with the 90-day deadline set out in 42 U.S.C. § 2000e-16(c) is a "condition to the waiver of sovereign immunity and thus must be strictly construed." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 94, 111 S.Ct. 453, 456 (1990). Thus, as summarized by another court:

---

[7]     In *Carver v. Holder*, 606 F.3d 690 (9th Cir. 2010), the Court explained that a prevailing or partially-prevailing federal complainant before the EEOC "has two avenues into federal court."  *Id*. at 696.  The complainant may seek to enforce the EEOC decision (as Bagby did) or "[i]f the prevailing employee opts not to seek enforcement, [she] can alternatively choose to bring a civil action against the agency."  *Id*.  However, if the complainant brings a timely action for judicial review, "such a civil action must be *de novo*, putting at issue both the [EEOC's] liability determination – *i.e.*, its decision that an agency has acted in a discriminatory manner – and its finding with regard to remedies."  *Id*. As one court summarized:

> [F]ederal employees who secure a final administrative disposition finding discrimination and ordering relief have a choice: they may either accept the disposition and its award, or file a civil action, trying *de novo* both liability and remedy.

*Scott v. Johanns*, 409 F.3d 466, 471-72 (D.C. Cir. 2005).

6

> In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of "rigorous administrative exhaustion requirements and time limitations."

*MacFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) (*quoting*, *in part*, *Brown v. General Services Admin.*, 425 U.S. 820, 833, 96 S.Ct. 1961, 1968 (1976)). In this case, Bagby failed to meet the deadline set out in 42 U.S.C. § 2000e-16(c) with respect to the claims she asserts in her AMENDED COMPLAINT.

Pursuant to Title VII, the 90-day requirement begins when a plaintiff is in "receipt" of the EEOC's final decision. Inasmuch as the EEOC generally sends out final decisions by regular, first-class mail, federal courts have had to consider the presumed date of when an EEOC decision is received by a plaintiff. To that end, federal courts begin with the basic presumption that the EEOC letter issuance date is also the date on which the letter was mailed. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1123 (9th Cir. 2007); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379-80 (5th Cir. 2002).

In calculating the 90-day limitation period, federal courts obviously must also consider a second date – the date the EEOC letter was delivered to a plaintiff by the United States Postal Service. In that regard, "[m]ost courts, including the Supreme Court [in *Baldwin Cty. Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723 (1984) (*per curiam*)], have presumed a receipt date of three days after EEOC letter issuance." *Payan*, 495 F.3d at 1124-25.[8]

---

[8] *Cf. Baldwin County Welcome Center*, 466 U.S. at 148 n.1, 104 S.Ct. at 1724 n.1 (applying a three-day presumption); *Seitzinger*, 165 F.3d at 239; *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 n.3 (D.C. Cir. 1998); *Sherlock*, 84 F.3d at 525- 26, *with Banks*, 855 F.2d at 326 (applying a five-day presumption). The Eighth Circuit has not addressed the issue. *But see Arkansas Motor Coaches, Ltd., Inc. v. Comm'r*, 198 F.2d 189, 191 (8th Cir. 1952) ("Where . . . matter is transmitted by the United States mails, properly addressed and postage fully prepaid, there is a strong presumption that it will be received by the addressee in the ordinary course of the mails."). *See also Waugh v. Potter*, 2006 WL 2990499, op. at *1 n.1 (E.D. Mo. Oct. 19, 2006) (applying a three-day presumption to a federal employee Title VII case).

Indeed, the same three-day presumption is incorporated directly into the Federal Rules of Civil Procedure:

> When a party may or must act within a specified time after service and service is made [by mail], 3 days are added after the period would otherwise expire under Rule 6(a).

FED. R. CIV. P. 6(d). In this case, whether a three-day rule is utilized or a five-day rule is employed, Bagby's COMPLAINT is undeniably untimely.

Once Bagby received the May 6, 2024 decision from the EEOC she had a clear choice – seek timely judicial review of the EEOC's decision that would result in a *de novo* review of all issues or accept the EEOC decision and, if necessary, seek later judicial review only to enforce the EEOC decision. In this case, Bagby chose the latter. Consequently, her current federal court case – filed <u>over 500 days after the EEOC issued its final decision</u> – is untimely. As such, a necessary condition to the federal government's waiver of sovereign immunity has not been met and, on its face, Bagby's AMENDED COMPLAINT fails to state a cognizable claim for employment discrimination against the VA and must be dismissed by the Court.

Respectfully submitted,

R. Matthew Price
United States Attorney

By     */s/ Jeffrey P. Ray*

Jeffrey P. Ray
First Asst. United States Attorney & Civil Chief
Missouri Bar No. 35632

Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
Kansas City, MO 64106
Jeffrey.Ray@usdoj.gov

ATTORNEYS FOR DEFENDANT DOUGLAS A. COLLINS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (WITH SUPPORTING SUGGESTIONS INCORPORATED)** was electronically filed with the Clerk of the Court using the CM/ECF system on this 29th day of April, 2026.  In addition, a true and correct copy of the foregoing **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (WITH SUPPORTING SUGGESTIONS INCORPORATED)** was placed in the first-class United States mail, postage prepaid, and addressed to:

Kaitlin Bagby
Zum Rosental 24
Queidersback, Germany
kaitlin.b.bagby@gmail.com

*PRO SE* PLAINTIFF

on this 29th day of April, 2026.

/s/ Jeffrey P. Ray
Jeffrey P. Ray
First Assistant U.S. Attorney & Civil Chief

9