**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| KAITLIN BAGBY, | ) | |
| Plaintiff, | ) | Case No. 4:25-CV-00745 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| DOUGLAS A. COLLINS, SECRETARY OF | ) | |
| THE DEPARTMENT OF VETERANS | ) | |
| AFFAIRS, | | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**INTRODUCTION**

Defendant's[1] motion is based on one idea: that Plaintiff had to file this case within 90 days of the EEOC's May 6, 2024 decision or lose her claims. That is not how the statute or regulations read.

Plaintiff filed this case on time under two separate rules. First, Plaintiff appealed the compensatory damages decision on March 14, 2025, and more than 180 days passed without a final decision before Plaintiff filed this case on September 22, 2025. That allows a civil action under 29 C.F.R. § 1614.407(d).

Second, the EEOC issued a final decision on June 25, 2025, and told Plaintiff she had 90 days to file a civil action. Plaintiff filed within that time.

---

[1] Plaintiff acknowledges that the Department of Veterans Affairs was named in the original complaint but not in the Amended Complaint. According to 42 U.S.C. § 2000e-16(c), the "head of the department, agency…"(Secretary of Veterans Affairs) is the correct defendant. This adjustment shouldn't have any negative impact on Plaintiff's claim.

1

Defendant's motion focuses on one deadline and ignores the separate rules that made this case timely. The motion should be denied.

## I. PLAINTIFF FILED ON TIME UNDER § 1614.407(d)

Defendant's motion focuses only on the May 6, 2024 decision and does not address Plaintiff's separate timeline under 29 C.F.R. § 1614.407(d). That timeline is stated in the Amended Complaint (Doc. 23, paragraphs 14 and 18) and was also raised in the motion for leave to amend (Doc. 21, paragraph 5). Plaintiff specifically identified this timeline before Defendant renewed its argument for dismissal, so the timeliness question could be resolved on its merits.

Because Defendant does not address this timeline, the motion does not explain why Plaintiff's case is untimely under 29 C.F.R. § 1614.407(d). Defendant had the chance to address that regulation in its motion but did not. If Defendant tries to explain for the first time in their reply why § 1614.407(d) does not apply, Plaintiff asks the Court to either disregard it or give Plaintiff a fair chance to respond before using it as a reason to dismiss the case.

The timeline Plaintiff relies on is clear from the record. Plaintiff appealed the compensatory damages decision on March 14, 2025. Defendant says the appeal was filed on April 14, 2025 (Doc. 24 at 3), but the record shows it was filed on March 14, 2025. (Doc. 1-6 at 1). More than 180 days passed between March 14, 2025 and September 22, 2025. No final EEOC decision had been issued on that appeal when Plaintiff filed this case, which allowed Plaintiff to file a civil action under 29 C.F.R. § 1614.407(d).

Defendant calls the procedural history "complicated and unusual." That is exactly why the full timeline matters. Defendant appears to treat the June 25, 2025 enforcement decision (Doc. 1-4) as if it also decided Plaintiff's compensatory damages appeal. The EEOC did not close that appeal until February 19, 2026, after this case was filed (Exhibit 1 – Dismissal of

Comp. Appeal). That matters because it shows the June 25 enforcement decision did not close the compensatory damages appeal.

Defendant's own motion recognizes that a complainant who appeals to the EEOC has the right to file a civil action within 90 days "of receipt of final action taken." (Doc. 24 at 5). But the other timeframe not listed from U.S.C. § 2000e-16(c) is that it also allows a civil action "after one hundred and eighty days" when the issue is on appeal with the EEOC. That is the same time frame in 29 C.F.R. § 1614.407(d), which allows a civil action after 180 days when the EEOC has not issued a decision on an appeal. Nothing in the text limits the civil action to the specific issue pending on appeal.

At least one court within this circuit has applied § 1614.407(d) this way. *See Lunday v. Department of Interior, No. 4:07-cv-00084, Doc. 34 at 6 (D.N.D. Sept. 2nd 2010 - Denial of Motion for Partial Summary Judgment)*[2].

## II. PLANTIFF FILED WITHIN 90 DAYS OF JUNE 25, 2025

A separate rule also allowed Plaintiff to file within 90 days of a final EEOC decision. See 42 U.S.C. § 2000e-16(c). On June 25, 2025, the EEOC issued a decision on Plaintiff's petition for enforcement and stated that Plaintiff had the right to file a civil action within 90 days. (Doc. 1-4 at 2).

Plaintiff filed this case on September 22, 2025, within 90 days of the June 25, 2025 decision. Defendant argues that only the decision on May 6, 2024 counts, but the statute does not

---

[2] Plaintiff cites Lunday only as a persuasive case. Plaintiff has located the decision through CourtListener/PACER but cannot locate the expected/standard citation. Plaintiff includes the docket citation to avoid asking the Court to search for the decision and "hunt through the record". See Smith v. McDonough, No. 4:23-cv-00025-DGK, The Court's decision at 5 (W.D. Mo. Mar. 20, 2026) (quoting ASARCO, LLC v. Union Pac. R.R. Co., 762 F.3d 744, 754 (8th Cir. 2014)). Throughout this filing, when no Eighth Circuit or Supreme Court cases directly address a certain situation, Plaintiff will reference a persuasive case to help fill in the gaps.

say that. The statute allows a civil action after a "final action". It does not say "earliest decision," "first final decision," "excluding enforcement decisions," or even "FAD." Courts apply statutes based on the words Congress used. *See Bostock v. Clayton County, 590 U.S. 644, 654 (2020)*

Defendant also acknowledges that Plaintiff filed this case within the 90-day period following the June 25, 2025, decision. (Doc. 24 at 4) ("Within this 90-day limitation period, on September 22, 2025, Bagby filed her original COMPLAINT."). Defendant then argues the case is still untimely but does not explain how a case filed within a 90-day window can be untimely under a 90-day expectation.

The June 25 decision did not say that any civil action would be limited only to enforcement. Defendant points to the EEOC's statement that the VA "has implemented the final decision," but that does not answer the timing issue. A civil action may still be available even after the EEOC finds compliance. *See Timmons v. White, 314 F.3d 1229, 1231 (10th Cir. 2003)*

Defendant cites *Irwin v. Department of Veterans Affairs, 498 U.S. 89, 94 (1990),* to argue that the 90-day deadline must be strictly applied. Plaintiff does not dispute that. But this issue is not about whether deadlines matter. It is about whether the May 6, 2024 decision was the only EEOC decision that could create a 90-day filing period.

A later EEOC action can create its own 90-day period. In *Holley v. Department of Veterans Affairs, 165 F.3d 244, 246–47 (3d Cir. 1999)*, a later EEOC decision on reconsideration started a new 90-day period. Holley involved reconsideration, not an enforcement decision, but it shows why Defendant cannot simply assume the May 6, 2024 decision was the only EEOC action that mattered. Here, the EEOC later told Plaintiff she had 90 days to file a civil action. That notice should not be treated as empty language. Plaintiff filed within that time.

### III. DEFENDANT'S "CLEAR CHOICE" ARGUMENT DOES NOT APPLY

Defendant argues that Plaintiff had to choose between filing a lawsuit and continuing the administrative process but does not highlight any statute or regulation that requires that choice.

Defendant relies on *Carver v. Holder, 606 F.3d 690, 696 (9th Cir. 2010)* and *Scott v. Johanns, 409 F.3d 466, 471-72 (D.C. Cir. 2005)*, but those cases are different. In those cases, no appeal remained pending when the civil action was filed, and it appears that *Carver* and *Scott* only wanted to bring damages before the court. Here, Plaintiff's compensatory damages appeal remained pending, and Plaintiff seeks de novo review of her discrimination claims.

A civil action can still be timely after a person continues through the administrative enforcement process. See *Timmons v. White, 314 F.3d 1229, 1231 (10th Cir. 2003)*. In Timmons, the plaintiff did not file suit after the first agency decision. He kept using the administrative process, including enforcement proceedings, and later filed suit after the EEOC issued another final decision. Even with that timeline, the court did not dismiss the case as too late.

That is like what happened here. Plaintiff continued through enforcement and the compensatory damages appeal, then filed this case after the EEOC issued its June 25, 2025 final decision.

That also addresses Defendant's concern about Plaintiff using the administrative process before filing suit. A federal employee does not lose the right to file a civil action just because she first went through the administrative process. A person can receive an administrative award and still file in court if the employee asks the Court to decide liability, not just increase the award. *See Laber v. Harvey, 438 F.3d 404, 423–24 (4th Cir. 2006)*. Here, Plaintiff was awarded $12,000 but awarded strictly on paper as that amount was never paid. Even if it had been paid, that would not mean she lost the right to file this case.

Defendant's "clear choice" argument works only if the Court ignores everything that happened after May 6, 2024.

**IV. FORMER COUNSEL IS NOT THE ISSUE HERE**

Defendant cites *Link v. Wabash Railroad Co.*, but Plaintiff is not asking the Court to excuse anything because of former counsel. Plaintiff was actively involved in the administrative process. She tracked deadlines, drafted and signed her own administrative briefs and appeals, and continued using the EEOC process that was available to her. Plaintiff originally went down the administrative path, despite former counsel telling Plaintiff back in 2022, that they typically moved cases to federal court instead.

The issue here is whether this case was timely when filed, which based off the reasons already given, it is.

**V. THIS CASE IS A NEW CIVIL ACTION, NOT AN EEOC ENFORCEMENT CASE**

This case is not an appeal of the EEOC process. It is a new civil action. *See Chandler v. Roudebush, 425 U.S. 840, 848 (1976).*

As the Defendant pointed out, Plaintiff removed the enforcement count from the Amended Complaint. She is not asking the Court to enforce the EEOC decision. She is asking the Court to hear her discrimination claims in a new civil case. The EEOC administrative findings may still be considered as evidence in this federal district suit. *See Chandler v. Roudebush, 425 U.S. 840, 863 footnote 39 (1976).*

**VI. LATER RIGHT-TO-SUE NOTICES SUPPORT MOVING FORWARD**

Plaintiff does not rely on the January 12, 2026 Final Agency Decision as the main reason this case is timely. Plaintiff's position is that this case was timely when filed under 29 C.F.R. § 1614.407(d) and the EEOC's June 25, 2025 final decision.

But even if the Court finds a timing problem, dismissal still is not required. After this case was filed, Plaintiff received another right-to-sue notice, including in the January 12, 2026 Final Agency Decision. (Doc. 15-1 at 4). The Eighth Circuit has held that receiving a right-to-sue notice after filing can fix a timing problem. *See Jones v. American State Bank, 857 F.2d 494, 499–500 (8th Cir. 1988)*

**CONCLUSION**

Plaintiff filed this case on time under two separate rules: the 180-day rule of 29 C.F.R. § 1614.407(d) and the 90-day window following the EEOC's June 25, 2025 final decision under 42 U.S.C. § 2000e-16(c). At a minimum, Defendant has not shown that this case should be dismissed as untimely.

For these reasons, Defendant's motion should be denied.

**Respectfully submitted,**

Kaitlin Bagby
Plaintiff, pro se
Zum Rosental 24
Queidersbach, Germany
kaitlin.b.bagby@gmail.com
931-538-8950

**CERTIFICATE OF SERVICE**

I certify that on May 4th, 2026, I filed this document with the Clerk of the Court using the CM/ECF system, which will send notice to Defendant's counsel of record.

Kaitlin Bagby