

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Sector**
**P.O. Box 77960**
**Washington, DC 20013**

Kaitlin Bagby a/k/a
Hattie K.,[1]
Complainant,

v.

Douglas A. Collins,
Secretary,
Department of Veterans Affairs,
Agency.

Appeal No. 2025002084

Agency No. 200J-0589-2021105296

ORDER OF DISMISSAL

On September 22, 2025, Complainant filed a civil action (4:25cv745) in the United States District Court for the Western District of Missouri. A review of the complaint filed in the civil action reflects that the claims raised in the civil action are the same as those raised in the EEO complaint currently pending appeal.

EEOC Regulation 29 C.F.R. § 1614.409 provides:

> Filing a civil action under § 1614.407 or § 1614.408 shall terminate Commission processing of the appeal. A Commission decision on an appeal issued after a complainant files suit in district court will not be enforceable by the Commission. If private suit is filed subsequent to the filing of an appeal and prior to a final Commission decision, the complainant should notify the Commission in writing.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

Accordingly, the Commission will dismiss a pending appeal/petition under these circumstances to prevent a complainant from simultaneously pursuing both administrative and judicial remedies on the same matters, wasting resources, and creating the potential for inconsistent or conflicting decisions, and in order to grant due deference to the authority of the federal district court. See, e.g., Wayne C. v. Dep't of Veterans Affairs, EEOC Appeal No. 2020002855 (Oct. 6, 2020); Bart L. v. Dep't of Agriculture, EEOC Appeal Nos. 2020000098, 2020000100 (Mar. 10, 2021); Von E. v. Dep't of the Treasury, EEOC Appeal No. 2020004947 (Feb. 17, 2022).

Following a review of Civil Action No. 4:25cv745, the Commission has determined that the above-referenced civil action raises the same claims as the EEO complaint currently on appeal.

Accordingly, EEOC Appeal No. 2025002084 is DISMISSED.

### STATEMENT OF RIGHTS - ON APPEAL
### RECONSIDERATION (M1125)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Sector (OFS) **within thirty (30) calendar days** of receipt of this decision.  If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**.  A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition.  See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit their request for reconsideration, and any statement or brief in support of their request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx.   Alternatively, Complainant can submit their request and arguments to the Director, Office of Federal Sector, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507.  In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFS receives it by mail within five days of the expiration of the applicable filing period.  See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP).  See 29 C.F.R. § 1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files their request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request.  **Any supporting documentation must be submitted together with the request for reconsideration.**  The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances.  See 29 C.F.R. § 1614.604(f).

<u>COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION</u> (S0124)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by their full name and official title.  Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

<u>RIGHT TO REQUEST COUNSEL</u> (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*Gul Chaudhry*

_____
Gul Chaudhry, Acting Director
Office of Federal Sector

<u>February 19, 2026</u>
Date