# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

KAITLIN BAGBY, )
)
Plaintiff, )
)
v. ) Case No. 25-00745-CV-W-DGK
)
DOUGLAS A. COLLINS, )
)
Defendants. )

# DEFENDANTS' REPLY SUGGESTIONS IN SUPPORT OF THE MOTION TO DISMISS

Pursuant to FED. R. CIV. P. 12(b)(6), defendant Douglas A. Collins, in his official capacity as the Secretary of Veterans Affairs ("VA"), hereby submits the following reply suggestions in further support of the previously-filed DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (WITH SUPPORTING SUGGESTIONS INCORPORATED) [Doc. 24]. Therein, the VA established that the failure of *pro se* plaintiff Kaitlin Bagby ("Bagby") to make a timely appeal to district court following the EEOC's decision of May 6, 2024 (that was partially favorable to her and partially unfavorable to her) requires dismissal of the FIRST AMENDED COMPLAINT [Doc. 23] under FED. R. CIV. P. 12(b)(6).

On May 4, 2026, Bagby filed her PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [Doc. 25]. As set out briefly, herein, nothing in PLAINTIFF'S SUGGESTIONS effects the bottom line issue involved – Bagby is out-of-time to seek *de novo* judicial review of all of the workplace discrimination claims she raised administratively against the VA. And because Bagby specifically disavows any claim to be asserting an action to enforce, her AMENDED PETITION must be dismissed for failing to state a claim upon which relief may be granted against the VA.

In her PLAINTIFF'S SUGGESTIONS, Bagby attempts to save the untimely claims in her Amended Complaint by insisting that her current lawsuit is timely based on two administrative predicates, to wit:

(1)     the VA's compensatory damages decision of March 14, 2025 [Bagby notes that her lawsuit was filed within 180 days of that decision], and

(2)     the EEOC final decision of June 25, 2025 [Bagby notes that her lawsuit was filed within 90 days of that decision].

Doc. 25, at 1. Only the latter is applicable. With regard to the VA's compensatory damages decision (as specifically noted by Bagby), the 180-day deadline set out in the applicable federal regulations states that a plaintiff may file a lawsuit "[a]fter 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission." 29 C.F.R. § 1614.407(d). This provision has no application herein because (as Bagby notes in her second point) the EEOC issued a final decision on June 25, 2025, within the 180 days of Bagby's appeal to the EEOC.[1] As such, only the latter can form the basis for Bagby to seek judicial review.

And, to be clear, the VA is not asserting that Bagby did not file her current lawsuit within 90 days of the EEOC's DECISION ON PETITION FOR ENFORCEMENT on June 25, 2025. But the critical question at issue in the motion to dismiss is what substantive issues were addressed in that final EEOC decision and, correspondingly, what issues are properly raised for *de novo* review in this litigation. As made clear in the EEOC's DECISION ON PETITION FOR ENFORCEMENT of June 25, 2025, the EEOC was only considering Bagby's motion to enforce the earlier EEOC decision of May 6, 2024. To that end, in the June 25, 2025 decision, the EEOC pointedly found:

---

[1]     In any event, even if Bagby is correct and she may seek to appeal the FINAL AGENCY DECISION ON COMPENSATORY DAMAGES issued by the VA regarding her claim to compensatory damages, her present lawsuit would be limited to a *de novo* challenge only to the VA's determination of the appropriate compensatory damages due to Bagby for the failure to accommodate between July 14, 2021 and September 14, 2021.

2

> Based on our review of the petition, the [VA's] submissions, and all relevant documentation in the record, we find that the [VA] has implemented the final decision. Although the [VA's] implementation may not have been perfect, it has been adequate or acceptable enough to constitute satisfactory compliance, such that the Office of Federal Operations will not undertake further efforts to obtain compliance. See 29 C.F.R. § 1614.503(b), (d).

Doc. 1-4.[2]

Without question, federal regulations allow aggrieved employees to seek enforcement of EEOC awards. 29 C.F.R. § 1614.503(a). And, in limited circumstances, to seek judicial review.

> Where the Commission has determined that an agency is not complying with a prior decision, or where an agency has failed or refused to submit any required report of compliance, the Commission shall notify the complainant of the right to file a civil action for enforcement of the decision pursuant to Title VII, . . . the Rehabilitation Act . . . and to seek judicial review of the agency's refusal to implement the ordered relief.

29 C.F.R. § 1614.503(g). But, as made explicit in the regulation, such judicial review is permitted only where the EEOC determines that an agency "is not complying with a prior decision." Here, by contrast, the EEOC found that the VA "ha[d] implemented the final decision." *Cf. Carver v. Holder*, 606 F.3d 690, 697 (9th Cir. 2010) ("Because the administrative disposition before us includes a finding that the DOJ was in full compliance with the EEOC's order, the district court properly granted summary judgment to defendants."). Ultimately, however, whether Bagby can bring an enforcement action after the EEOC finds an agency is in compliance is irrelevant in this case. As unambiguously stated by Bagby in her PLAINTIFF'S SUGGESTIONS, she is not pursuing an EEOC enforcement case herein. Doc. 25, at 6.

---

[2] The EEOC's DECISION ON PETITION FOR ENFORCEMENT of June 25, 2025 does not address Bagby's other discrimination claims that the EEOC had previously found non-meritorious. Indeed, the EEOC could not revisit those claims. Once the EEOC issued its partially favorable decision and it became final, it could only "clarify" its earlier order, but "[a] clarification cannot change the result of a prior decision." 29 C.F.R. § 1614.503(c).

Instead, what Bagby seeks to do with her present lawsuit is to obtain *de novo* review of her entire original EEO complaint. It is this effort which is untimely. The EEOC directly addressed the full gamut of discrimination claims raised by Bagby in its final decision of May 6, 2024. 1-2, at 1-14. That decision notified Bagby that she had a right to seek judicial review of the EEOC's decision by filing a district court action within 90 days of the EEOC's decision becoming final.[3] Without question, Bagby could have filed an appeal of that decision and thereby obtained *de novo* review of her entire case. But doing so would have required Bagby to forfeit her partial victory before the EEOC.

> [W]hen a civil action under that section is brought [after a final decision of the EEOC], a federal employer is not bound by a prior adverse finding by the EEOC. Although the government is bound by a prior finding of discrimination where a plaintiff brings an action to enforce an EEOC decision or where the plaintiff does not appeal the EEOC's ruling, it does not follow that a defendant is similarly bound where a plaintiff elects to proceed under § 2000e–16(c).

*Timmons v. White*, 314 F.3d 1229, 1234 (10th Cir. 2003). *See also Dossa v. Wynne*, 2009 WL 3003849, at *3 (D. Kan. Sept. 18, 2009) (there is a "difference between an enforcement action and a *de novo* civil action" and "in a *de novo* civil action a federal employer is not bound by a prior adverse finding by the EEOC").

The two administrative decisions that Bagby points to as support for the timeliness of her current lawsuit are decisions limited only to carrying out the partially-favorable portion of the EEOC's decision. Neither decision involved consideration of nor sought to challenge the original findings of the EEOC on May 6, 2024. Those decisions do not support the timeliness of Bagby's current claims involving substantive judicial review of all of Bagby's discrimination claims.

---

[3] The VA sought reconsideration from the EEOC, but the request was denied by the EEOC on October 15, 2024. Doc. 23, at ¶ 11. Thus, Bagby had 90 days from October 15, 2024 to file a district court action.

Despite the strange and unusual procedural history of this case, the salient facts are not in dispute:

- On October 17, 2021, Bagby filed an administrative complaint of discrimination alleging workplace discrimination. Doc. 23, at ¶ 7.

- On September 26, 2022, the VA issued a final agency decision ("FAD") finding "no discrimination." Doc. 23, at ¶ 8.

- Thereafter, Bagby appealed the VA's decision to the EEOC and on May 6, 2024, the EEOC issued a decision finding in favor of the VA on all issues of discrimination raised by Bagby except that the VA "failed to make good faith efforts to accommodate [Bagby's] disability after July 14, 2021, and instead discriminated against [Bagby] by continuing her sick leave restriction and charging her with AWOL." Doc. 1-2, at 1-10.

- The VA sought reconsideration from the EEOC, but the request was denied by the EEOC on October 15, 2024. Doc. 23, at ¶ 11.

At that point, Bagby elected to accept the EEOC decision of May 6, 2024 and purse her claim of compensatory damages for the failure-to-accommodate claim. That was certainly her right. But by accepting the EEOC decision for one purpose (her claim to compensatory damages for her failure-to-accommodate claim), Bagby was also accepting the EEOC's decision that her other claims were non-meritorious. As made obvious by her present lawsuit, Bagby does not like the results of the choice she made.

What the AMENDED COMPLAINT seeks is to obtain *de novo* review of all Bagby's discrimination claims originally raised in her administrative complaint. The substantive merit of those claims (or lack thereof) was addressed in the EEOC's decision of May 6, 2024, and that decision became final on October 15, 2024. But Bagby filed her lawsuit only on April 15, 2026, more than 500 days after the substantive EEOC's decision became final on October 15, 2024. If Bagby wished to obtain judicial review of all of her claims, she had 90 days from October 15, 2024 in which to file a civil action. She did not and her case must be dismissed.

5

Respectfully submitted,

R. Matthew Price
United States Attorney

By      */s/ Jeffrey P. Ray*

Jeffrey P. Ray
Deputy United States Attorney
Missouri Bar No. 35632

Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
Kansas City, MO 64106
Jeffrey.Ray@usdoj.gov

ATTORNEYS FOR DEFENDANT DOUGLAS A.
COLLINS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANTS' REPLY SUGGESTIONS IN SUPPORT OF THE MOTION TO DISMISS** was electronically filed with the Clerk of the Court using the CM/ECF system on this 18th day of May, 2026.  In addition, a true and correct copy of the foregoing **DEFENDANTS' REPLY SUGGESTIONS IN SUPPORT OF THE MOTION TO DISMISS** was placed in the first-class United States mail, postage prepaid, and addressed to:

Kaitlin Bagby
Zum Rosental 24
Queidersback, Germany
kaitlin.b.bagby@gmail.com

*PRO SE* PLAINTIFF

on this 18th day of May, 2026.

*/s/ Jeffrey P. Ray*
Jeffrey P. Ray
Deputy U.S. Attorney

6