# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF MISSOURI

KAITLIN BAGBY,                              )
         Plaintiff,                      )     Case No. 4:25-CV-00745
                                 )
        v.                               )
                                 )
                                 )
DOUGLAS A. COLLINS, SECRETARY,              )
DEPARTMENT OF VETERANS AFFAIRS,             )
                                 )
        Defendant.                       )

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY

Plaintiff Kaitlin Bagby, proceeding pro se, asks the Court for permission to file the attached

surreply. The surreply is limited to new arguments Defendant raised for the first time in its reply

brief.

1. Defendant filed a motion to dismiss the original complaint, a reply in support of that

    motion, and a renewed motion to dismiss the First Amended Complaint. (Docs. 8, 15,

    24).

2. Defendant did not address 29 C.F.R. § 1614.407(d) in those filings.

3. Plaintiff raised the appeal timeline before Defendant filed its latest motion to dismiss.

    (Doc. 21 paragraph 5; Doc. 23 paragraphs 14 & 18).

4. Plaintiff's opposition also explained that Defendant had not addressed § 1614.407(d).

    (Doc. 25 at 2).

5. Defendant's reply, filed May 18, 2026, addresses § 1614.407(d) for the first time. (Doc.

    26 at 2).

1

6. Defendant now argues that § 1614.407(d) does not apply because the EEOC issued a final decision on June 25, 2025 within 180 days of Plaintiff's compensatory damages appeal. (Doc. 26 at 2).

7. Defendant also claims that even if Plaintiff were to proceed based on the compensatory damages appeal, this lawsuit would be limited only to a de novo challenge to compensatory damages. (Doc. 26 at 2 footnote 1).

8. These are new arguments, not rebuttals of anything Plaintiff mentioned.

9. Plaintiff has not had an opportunity to respond to those new arguments.

10. Plaintiff asks to file a surreply of no more than four pages, limited to Defendant's new § 1614.407(d) arguments.

11. Defendant will not be unfairly surprised or harmed. Plaintiff already warned that if Defendant addressed § 1614.407(d) for the first time in reply, Plaintiff would ask for a fair chance to respond. (Doc. 25 at 2). The attached surreply is limited to that issue.

12. This Court has previously allowed a limited surreply when a party asked to respond to an issue raised in a motion-to-dismiss reply. *See McClean v. Health Systems, Inc., No. 6:11-cv-03037-DGK, Doc. 76 (W.D. Mo. Apr. 21, 2011).*

For these reasons, Plaintiff asks the Court for permission to file the attached surreply.

**Respectfully submitted,**

Kaitlin Bagby
Plaintiff, pro se
Zum Rosental 24
Queidersbach, Germany
kaitlin.b.bagby@gmail.com
931-538-8950

2

**CERTIFICATE OF SERVICE**

I certify that on May 20th, 2026, I filed this document with the Clerk of the Court using the

CM/ECF system, which will send notice to Defendant's counsel of record.

Kaitlin Bagby