**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| KAITLIN BAGBY, | ) | |
| Plaintiff, | ) | Case No. 4:25-CV-00745 |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS A. COLLINS, SECRETARY OF | ) | |
| THE DEPARTMENT OF VETERANS | ) | |
| AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY ARGUMENT ABOUT 29 C.F.R.**
**§ 1614.407(d)**

Plaintiff Kaitlin Bagby, proceeding pro se, files this surreply only to respond to Defendant's new argument about 29 C.F.R. § 1614.407(d).

Defendant argues for the first time in reply that § 1614.407(d) does not apply because the EEOC issued a final decision on June 25, 2025 within 180 days of Plaintiff's compensatory damages appeal. (Doc. 26 at 2). Defendant also argues in footnote 1 that, even if Plaintiff proceeds based on the compensatory damages appeal, this case would be limited only to the amount of compensatory damages. (Doc. 26 at 2, footnote 1).

Both points are wrong.

**I.      THE JUNE 25 DECISION DID NOT DECIDE THE DAMAGES APPEAL**

Section 1614.407(d) allows a complainant to file a civil action: "After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission."

Plaintiff appealed the Agency's compensatory damages decision on March 14, 2025. (Doc. 1-6 at 1). Plaintiff filed this case on September 22, 2025. That was 192 days later.

1

Defendant now says the June 25, 2025 decision blocks § 1614.407(d). (Doc. 26 at 2). But the June 25 decision was a Decision on Petition for Enforcement. (Doc. 1-4 at 1). It addressed agency compliance with the EEOC's earlier order, not Plaintiff's compensatory damages appeal. The decision itself shows the difference: the EEOC listed the enforcement matter as Petition No. 2025001685 and separately listed the compensatory damages appeal as Appeal No. 2025002084. (Doc. 1-4 at 1). Defendant treats them as the same thing, but the EEOC did not.

The EEOC dismissal confirms this. On February 19, 2026, after this lawsuit was filed, the EEOC dismissed Appeal No. 2025002084 because Plaintiff had filed this civil action. (Doc. 25-1 at 1). <u>That was 342 days after Plaintiff originally filed the appeal.</u>  The EEOC stated that the civil action raised "the same claims" as the EEO complaint "currently pending appeal." It did not describe the pending matter as a damages-only appeal.

If the compensatory damages appeal had already been finally decided on June 25, 2025, there would have been no pending appeal for the EEOC to dismiss in February 2026. Defendant's narrative would still leave Plaintiff waiting in that appeal long past the 180-day mark, even though the EEOC only dismissed it because this lawsuit had been filed.

That is the problem with Defendant's reading of § 1614.407(d). The 180-day rule exists to provide "prompt access to the courts" and to support "speedy resolution of the complaint." *See Wilson v. Pena, 79 F.3d 154, 166–167 (D.C. Cir. 1996)*[1].  Defendant's argument would do the opposite. It would treat a separate enforcement decision as enough to block Plaintiff from filing suit and leave Plaintiff in administrative purgatory.

---

[1] Plaintiff was unable to locate Eighth Circuit or Supreme Court cases directly addressing this issue. So, persuasive cases are being used to fill in the gaps. Many persuasive cases are from the D.C. courts due to the number of federal agencies and federal employees in that area.

## II. SECTION 1614.407(D) ALLOWS A CIVIL ACTION, NOT A DAMAGES-ONLY APPEAL

Defendant also argues that, even if Plaintiff proceeds based on the compensatory damages appeal, this case would be limited only to a de novo challenge to the amount of compensatory damages.

Section 1614.407(d) does not say a complainant may file "a civil action limited to the issue pending on appeal." It does not separate appeals by type. It does not say "damages-only civil action." It says "a civil action."

Another court has read § 1614.407(d) the same way. In *Santos v. Lynch, No. 1:16-cv-01039, Doc. 25 at 8 footnote 4 (D.D.C. July 20, 2016),* the court explained that the regulation does not create different exhaustion rules based on the nature or extent of the EEOC appeal. Defendant asks the Court to do exactly that here by creating a damages-only limit that is not in the regulation. That would add words to § 1614.407(d), and the Supreme Court has warned against rewriting legal text that way. *See Bostock v. Clayton County, 590 U.S. 644, 654-55 (2020).*

The damages-only limit also conflicts with how federal-sector Title VII cases work once a civil action is filed. The D.C. Circuit has described *Chandler v. Roudebush, 425 U.S. 840 (1976)*, as any "civil action" triggered in § 2000e-16(c) is a "trial de novo." *See Payne v. Salazar, 619 F.3d 56, 61-62 (D.C. Cir. 2010).*

Defendant has previously relied on *Scott v. Johanns, 409 F.3d 466 (D.C. Cir. 2005).* (Doc. 24 at 6). But even Scott does not support a damages-only civil action. Scott explained that a federal employee may not seek de novo review of only the remedial award. See *Scott v.*

*Johanns, 409 F.3d 466, 472 (D.C. Cir. 2005)*. If a civil action is properly before the Court, liability and remedy are addressed together – even their own cases state this.

Section 1614.407 gives different timing rules for when a complainant may file a civil action. It does not create different kinds of civil actions.

### CONCLUSION

Plaintiff satisfied § 1614.407(d). The compensatory damages appeal remained pending more than 180 days after it was filed, and no final Commission decision had been issued on that appeal. The EEOC's own February 2026 dismissal confirms this. (Doc. 25-1 at 1). Section 1614.407(d) does not limit the resulting civil action to damages, and Defendant cites no authority saying otherwise.

Defendant's motion to dismiss should be denied.

Respectfully submitted,

Kaitlin Bagby
Plaintiff, pro se
Zum Rosental 24
Queidersbach, Germany
kaitlin.b.bagby@gmail.com
931-538-8950

4