**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KAITLIN BAGBY,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,<br><br>Defendant. | ) | No. 4:25-cv-00745-DGK |

**<u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>**

This is an employment discrimination case brought by pro se Plaintiff Kaitlin Bagby, who alleges the Department of Veterans Affairs ("the VA") failed to accommodate her pregnancy-related disability, discriminated against her because of her pregnancy and disability, and constructively discharged her in September 2021. *See* First Am. Compl., ECF No. 23 at 4–6.

Now before the Court is the Secretary of the Department of Veterans Affairs' ("the Secretary") Motion to Dismiss the First Amended Complaint for failure to state a claim because Plaintiff's claims are untimely. ECF No. 24. For the reasons stated below, the Secretary's motion is GRANTED.

## Legal Standard

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief." A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, a court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to" the plaintiff. *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.* Rule 8 "does not require detailed factual allegations" to show facial plausibility, "but it demands more than an unadorned, the-defendant-harmed-me accusation." *Id.* "Asking for plausible grounds to infer [a defendant's liable conduct] . . . simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" thereof. *Twombly*, 550 U.S. at 556.

In reviewing the complaint, a court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enf't Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). A court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012). Administrative documents are part of the public record and may be considered on a 12(b)(6) motion. *See Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011).

A pro se complaint must be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and "pro se litigants are held to a lesser pleading standard than other parties," *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). "However, this standard does not excuse pro se complaints from alleging sufficient facts to support the claims advanced." *Gerstner v. Sebig, LLC*, 386 Fed. App'x 573, 575 (8th Cir. 2010) (modified, citation omitted). A court will not "supply

additional facts" or "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

"A motion to dismiss pursuant to Rule 12(b)(6) properly raises the defense of the statute of limitations when it 'appears from the face of the complaint itself that the limitation period has run.'" *Wong v. Bann-Cor Mortg.*, 878 F.Supp.2d 989, 997 (W.D. Mo. 2012) (quoting *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004). "The court will only consider a limitations argument where it appears on the face of the complaint and the complaint contains no facts to toll that running." *Jewell v. Coxhealth*, No. 6:25-CV-03011-MDH, 2025 WL 3243437, at *2 (W.D. Mo. Nov. 20, 2025) (citing *Bishop v. DeLaval Inc.*, 466 F.Supp.3d 1016, 1022 (W.D. Mo. 2020)). "A civil action based on an employment discrimination charge that is not filed within this 90-day period is time-barred." *Britton v. Yellen*, No. 4:21-CV-00166-RK, 2021 WL 5281037, at *3 (W.D. Mo. Nov. 12, 2021) (citing *Hales v. Casey's Marketing Co*., 886 F.3d 730, 736 (8th Cir. 2018)).

**Background**

Plaintiff filed her original complaint on September 22, 2025. ECF No. 1. After receiving an extension of time to file their answer, Defendants moved to dismiss the first three counts of the original complaint on January 12, 2026. ECF No. 8. On April 14, 2026, the Court granted Plaintiff's attorney's motion to withdraw and allowed Plaintiff to proceed pro se. ECF No. 20. That same day, Plaintiff moved for leave to file an amended complaint. ECF No. 21. On April 15, 2026, the Court granted Plaintiff's motion and accordingly denied Defendants' motion to dismiss the original complaint as moot. ECF No. 22. Plaintiff filed her amended complaint that same day, naming only the Secretary as a defendant.[1] ECF No. 23. The Secretary then moved to dismiss the amended complaint. ECF No. 24.

---

[1] "It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005); *see also*

The Court takes the facts pleaded in Plaintiff's amended complaint as true and construes the pro se pleading liberally. *Estelle*, 429 U.S. at 106. However, for purposes of deciding this Motion, only the administrative history is relevant.

Plaintiff was employed as a Registered Nurse by the Department of Veterans Affairs at the VA Medical Center ("the VA") in Kansas City, Missouri. ECF No. 23 ¶ 20. On October 17, 2021, Plaintiff filed a formal administrative complaint with the VA, alleging that she experienced discrimination during the two-month period of July 14 through September 14, 2021, in connection with a pregnancy-related medical condition. ECF No. 23 ¶¶ 7, 19–36. The VA issued a final agency decision ("FAD") finding no discrimination on September 26, 2022, and Plaintiff appealed. *Id.* ¶¶ 8–9. On May 6, 2024, the Equal Employment Opportunity Commission ("EEOC") reversed "the [VA's] findings of no discrimination in part, finding that the [VA] failed to make good faith efforts to accommodate [Plaintiff's] disability after July 14, 2024, and instead discriminated against [Plaintiff] by continuing her sick leave restriction and charging her with AWOL." ECF No. 1-2 at 10. The EEOC ordered relief that included a supplemental investigation into compensatory damages. *Id.* The EEOC held that "[i]f there is a dispute regarding the exact amount of compensatory damages, the [VA] shall issue a check to [Plaintiff] for the undisputed amount" and that she "may petition for enforcement or clarification of the amount in dispute." *Id.* at 11. The EEOC rejected Plaintiff's remaining claims. *Id.* at 1–10. The decision further directed that Plaintiff could seek reconsideration within thirty days or file a civil action within ninety days, and

---

*Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991) (noting the plaintiff filed an amended complaint "dropping" two defendants, retaining two defendants, and adding one); *Barnes v. United States*, 111 F. App'x 441, 443 (8th Cir. 2004) (holding that the district court did not err in finding certain defendants had been dismissed from the suit "by virtue of [the plaintiff's] failure to name them in his Amended Complaint"); *Nat'l Fed'n of the Blind of Mo. v. Cross*, 184 F.3d 973, 978 (8th Cir. 1999) (noting the amended complaint "eliminated" a defendant by failing to name certain defendants). In any event, the head of the agency is the only proper defendant in a federal sector Title VII action, 42 U.S.C. § 2000e-16(c), and Plaintiff does not contend otherwise. ECF No. 25 at 1 n.1. The Court therefore considers Plaintiff's claims against the Department itself to be abandoned.

that filing suit would terminate administrative processing. *Id.* at 13–14. Plaintiff did neither. The VA sought reconsideration and the EEOC denied it on October 15, 2024. ECF No. 23 ¶ 11.

Instead of seeking reconsideration or filing a civil suit, Plaintiff began to pursue the line of relief that the EEOC had ordered. She filed a Petition for Enforcement on January 22, 2025. ECF No. 23 ¶ 12. On March 12, 2025, the VA issued another FAD letter on the matter of her compensatory damages and awarded her $12,000. *Id.* ¶ 13, ECF No. 1-3. Plaintiff appealed that decision two days later on March 14, 2025, which the EEOC docketed as Appeal No. 2025002084. ECF No. 23 ¶ 14, ECF No. 1-6. On June 25, 2025, the EEOC issued a Decision on Petition for Enforcement finding the VA "has implemented the final decision" and that it would "not undertake further efforts to obtain compliance." ECF No. 1-4 at 1; *see also* ECF No. 23 ¶ 15.

Plaintiff filed this case on September 22, 2025. ECF No. 1. The amended complaint relates back to that date. ECF No. 23; *see also Casey v. Orbital ATK, Inc.*, No. 4:18-CV-044-DGK, 2018 WL 3614984, at *2 (W.D. Mo. July 27, 2018) (holding that proposed amendments "relate back to the original complaint" because "they arise out of the same conduct set out in the original complaint" and "have their factual basis in the original complaint"). On February 19, 2026, the EEOC dismissed Appeal No. 2025002084, explaining that Plaintiff had filed a civil action that "raises the same claims as the EEO complaint currently pending appeal." ECF No. 25-1 at 2.

The amended complaint pleads four counts: disability discrimination (Count I), pregnancy discrimination (Count II), failure to accommodate (Count III), and constructive discharge (Count IV). In her response, Plaintiff states that she "seeks de novo review of her discrimination claims." ECF No. 25 at 5.

## Discussion

The Secretary raises three arguments in favor of dismissal. First, that Plaintiff's window to seek de novo review opened with the EEOC's May 6, 2024, decision and closed unused, because she accepted the merits of that decision rather than appealing it. Second, that the EEOC's June 25, 2025, enforcement decision addressed only the VA's compliance and so did not open a new window. Third, that 29 C.F.R. § 1614.407(d) has no application and would in any event limit this suit to the amount of compensatory damages. Plaintiff responds that no statute or regulation expressly limits her filing window to the EEOC's "earliest decision" or "first final decision," that the June 25 EEOC enforcement decision expressly notified her of a right to sue within ninety days, and that her compensatory damages appeal remained pending before the EEOC for more than 180 days before she filed suit under § 1614.407(d).

The Court addresses each argument in turn.

### I. The ninety-day period to bring suit ran from the Commission's May 6, 2024, decision.

The Secretary argues that when the EEOC issued a decision partly in Plaintiff's favor on May 6, 2024, Plaintiff faced a "clear choice": (1) She could sue within ninety days and obtain de novo review of the whole case, or (2) she could accept the decision and, if necessary, seek to enforce it. ECF No. 24 at 4, 8. The Secretary asserts that by choosing the second course of action, Plaintiff abandoned the first.

The Secretary is correct. As an initial matter, the Supreme Court has held that "§ 2000e–16(c) is a condition to the waiver of sovereign immunity and thus must be strictly construed." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 94 (1990). While the Eighth Circuit has not spoken on this exact issue, nearly every court to reach the question has answered that the ninety-day period begins to run from the EEOC's decision on the merits or denial of a request for reconsideration,

and not from a later decision on a petition for enforcement or on the remedial calculation that the merits decision ordered.[2] *See, e.g.*, *Laber v. Geren*, 316 F. App'x 266, 270 (4th Cir. 2009) (suit untimely where it sought "reconsideration of the merits and for additional remedies" rather than review of the later clarification decision, and where the agency had not finished calculating the remedy when the merits decision became final); *Ross v. Brennan*, No. PWG-15-814, 2016 WL 3440279, at *4 (D. Md. June 23, 2016) (where the EEOC found liability and remanded for a damages determination, "the starting date for the ninety-day filing window was the date of the initial decision on the [agency's] liability," not the agency's later damages decision).

When a complainant petitions for enforcement, the Commission may clarify the order it previously entered, but a clarification "cannot change the result of a prior decision or enlarge or diminish the relief ordered." 29 C.F.R. § 1614.503(c); *see also Wilson v. Pena*, 79 F.3d 154, 161 n.2 (D.C. Cir. 1996) ("Even without a time limit on enforcement petitions, agencies and the EEOC will not face stale claims because a complainant cannot attack the original order through a petition for enforcement.").

Here, the EEOC resolved Plaintiff's complaint on May 6, 2024, with a decision on the merits. She could have requested reconsideration or filed suit then, but she did not. Not only did she use the decision, but she attempted to enforce it. Thus, the decision became final after ninety days. She filed this action on September 22, 2025, nearly a year after her time to file had lapsed.

[2] The one court to deviate from this line of authority described the state of the law as such: "As far as this Court is aware, every other court to consider the issue directly has held that an enforcement decision does not restart the statute of limitations, which instead begins from the EEOC's final decision on the merits." *Young v. Buttigieg*, No. 19-cv-01411-JCS, 2022 WL 220849, at *4 (N.D. Cal. Jan. 25, 2022) (collecting cases). But the *Young* court did not reject the approach taken by every other court. Rather, it held itself bound by an earlier Ninth Circuit ruling in the same case. At the same time, it observed that "[t]here is no question that this issue was not well presented to the Ninth Circuit." *Id.* at *7. The Ninth Circuit had not considered the merits decision as a starting point because the government had taken the opposite position on appeal, asserting that the enforcement decision was the final decision from which the ninety-day period began to run. *Id.*

Nothing in the intervening period restarted the clock. The proceedings Plaintiff points to, her Petition for Enforcement and her appeal of the compensatory damages award, arose from the May 2024 order. Both subsequent proceedings were initiated to carry out the 2024 decision—not to relitigate the merits. ECF No. 23 ¶¶ 12–14. Neither event returned the merits of her complaint to the EEOC and under § 1614.503(c), neither could have. The claims she now asks the Court to try are the claims that the May 2024 decision resolved, and the time to seek review of that decision expired once she let it lapse without filing suit.

**II. The June 25, 2025, enforcement decision did not restart the ninety-day period.**

In her response, Plaintiff argues that the EEOC's June 25, 2025, enforcement decision advised her of "the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date you receive this decision." ECF No. 1-4 at 2 (emphasis in original). She maintains that § 2000e-16(c) permits suit after "final action" without specifying the specific administrative action it attaches to, and that she filed eighty-nine days after the Petition for Enforcement decision. ECF No. 25 at 3–4.

The June 2025 decision was not a "final decision on an appeal" within the meaning of the implementing regulation § 1614.407(c). That decision resolved a petition for enforcement under § 1614.503(a). *See Adcock v. Roche*, No. 5:04-CV-208(DF), 2006 WL 1285045, at *6 (M.D. Ga. May 5, 2006) ("The EEOC's compliance determination, rendered not on an appeal from the [agency's] final action but rather upon consideration of Adcock's petition for enforcement, cannot fairly be considered a final decision '*on an appeal*.'") (emphasis in original); *see also Laber*, 316 F. App'x at 270.

Plaintiff cites *Holley v. Dep't of Veteran Affs.* to support her argument, but that case is readily distinguishable. 165 F.3d 244, 246–47 (3d Cir. 1999). *Holley* addressed a decision on

reconsideration, through which the EEOC can revisit the merits. *Id.*; *see also* 29 C.F.R. § 1614.405(c) ("A decision issued under paragraph (a) of this section is final within the meaning of § 1614.407 unless a timely request for reconsideration is filed by a party to the case."). But a compliance determination as the EEOC makes here, cannot "substantively alter" the prior decision. *Adcock*, 2006 WL 1285045, at *5; *see also* 29 C.F.R. § 1614.503(c).

To the extent Plaintiff argues the right-to-file notice in the June 2025 enforcement decision *independently* restarted the clock on her time to file; courts across the nation, including the Eighth Circuit, have held that a boilerplate right-to-file notice contained in an EEOC decision does not extend a time period to file established by statute. *See Frazier v. Vilsack*, 419 F. App'x 686, 689–90 (8th Cir. 2011) ("An employee who fails to bring a complaint in federal court following receipt of a right to sue letter within the time period allowed under Title VII is barred from ever bringing a federal claim related to that EEOC charge even if a subsequent EEOC charge and right to sue letter reference the earlier acts."); *see also Adcock*, 2006 WL 1285045, at *6 (noting that the EEOC provided notice of a right to sue within 90 days in the enforcement decision letter "in the same boilerplate language" that appeared in the merits decision but concluding that this language was "given in error" because a civil enforcement action "is plainly foreclosed by the terms of the governing regulation"); *Charles v. McHugh*, 613 F. App'x 330, 335 (5th Cir. 2015) (holding that right-to-sue notice in EEOC letter "is boilerplate language attached to every EEOC decision" that cannot authorize civil actions to which Congress has not consented).

Finally, judicial enforcement is available under § 1614.503(g) only "[w]here the Commission has determined that an agency is not complying with a prior decision." The EEOC determined the opposite here. ECF No. 1-4 at 1; *see also Timmons v. White*, 314 F.3d 1229, 1232 (10th Cir. 2003) (holding that "an EEOC determination of non-compliance" is "a prerequisite" to

a judicial enforcement action). Notwithstanding that rule, Plaintiff has disclaimed bringing an enforcement action in her response. ECF No. 25 at 6 ("Plaintiff removed the enforcement count from the Amended Complaint. She is not asking the Court to enforce the EEOC decision. She is asking the Court to hear her discrimination claims in a new civil case."). The June 25, 2025, decision therefore supports neither the judicial enforcement action Plaintiff brought previously in the superseded complaint nor the de novo one she currently brings.

## III. Section 1614.407(d) does not authorize this action.

Plaintiff argues that she appealed the VA's compensatory damages decision on March 14, 2025, that the EEOC had not decided that appeal 180 days later, and that 29 C.F.R. § 1614.407(d) therefore authorized this suit. ECF No. 25 at 2. The Secretary responds that § 1614.407(d) does not authorize this suit because it applies only "if there has been no final decision by the Commission," and that the EEOC's June 25, 2025, decision on Plaintiff's Petition for Enforcement was a final decision that barred the regulation from applying. ECF No. 26 at 2.

The Secretary's position is inconsistent with the rest of his briefing, which treats the May 6, 2024, decision as the EEOC's final decision. ECF No. 24 at 8. The compensatory damages appeal was indeed pending when this suit was filed. ECF No. 25-1 at 2. But while Plaintiff is correct about the administrative posture of her case, this does not save her claims for two reasons.

First, the 180-day route is a remedy for administrative inaction and thus remains open only while the EEOC has not acted. Section 1614.407(d) implements § 2000e-16(c), which permits suit "after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit *until such time as final action may be taken*." 42 U.S.C. § 2000e-16(c) (emphasis added).

Here, Plaintiff appealed the agency's final action on October 21, 2022. ECF No. 23 ¶ 9. The EEOC took final action on May 6, 2024, when it issued its decision on Plaintiff's claims. *Id.* ¶ 10. An EEOC decision on an appeal from an agency's final action "is final within the meaning of § 1614.407 unless a timely request for reconsideration is filed by a party to the case." 29 C.F.R. § 1614.405(c). Plaintiff never requested reconsideration. The VA did request reconsideration, but its request was denied on October 15, 2024. *Id.* ¶ 11. Section 1614.407(c) governed from that point. Plaintiff's March 2025 appeal of the VA's damages determination did not reopen a route the statute closed upon final action. *See Charles v. Garrett*, 12 F.3d 870, 874 (9th Cir. 1993) (holding that § 2000e-16(c) affords only one period measured "180 days from the date the first administrative appeal is filed," because successive periods would "contravene congressional intent").[3]

Second, § 1614.407 also tells an employee when she may come to court, not what she may litigate once there. A federal employee sues "as provided in section 2000e-5," 42 U.S.C. § 2000e-16(c), and the remedial provision authorizes relief only "[i]f the court finds" an unlawful employment practice, *id.* § 2000e-5(g)(1). A court may not award relief on the strength of the EEOC's findings. It must make its own findings. *See Scott v. Johanns*, 409 F.3d 466, 470 (D.C. Cir. 2005) ("[A]ny remedial order must rest on judicial findings of liability, and nothing in the statute's language suggests that such findings are unnecessary in cases where a final administrative disposition has already found discrimination and awarded relief"); *Timmons*, 314 F.3d at 1235 (holding that a court "cannot award new relief, or expand the relief already awarded, without first determining for itself whether the alleged discrimination has occurred"). Plaintiff seeks damages

---

[3] *Charles* applied the rule to an agency that had made successive appeals, reasoning that "[i]f the 180 days were to start with each new appeal, a federal employer could indefinitely delay a complainant's access to federal court by continuously filing appeals." 12 F.3d at 874. But the concern in either direction is the same: A period tied to the most recent filing is a period no one can clearly identify in advance. That is the opposite goal of a limitations period.

and back pay beyond the $12,000 the VA awarded. ECF No. 23 at 6. Awarding it would require retrying the claims the EEOC resolved in 2024. Those claims may not be retried here, because the ninety-day period for obtaining judicial review of that decision expired, and a filing-authorization provision does not restore a claim the limitations period has foreclosed.

Accordingly, all four counts in the First Amended Complaint are untimely.

**Conclusion**

For the reasons discussed above, the Secretary's motion to dismiss (ECF No. 24) is GRANTED. The First Amended Complaint is DISMISSED. Because the defect is one of timing and cannot be cured by repleading, this dismissal is with prejudice. Furthermore, the original Complaint named the Department of Veterans Affairs as a co-defendant, ECF No. 1, while the First Amended Complaint does not, ECF No. 23. An amended complaint supersedes the original, and a defendant omitted from it ceases to be a party. Thus, to the extent that the Department remains on the docket, it is DISMISSED as a party.

**IT IS SO ORDERED.**

Date: September 22, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT