**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KAITLIN BAGBY,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS A. COLLINS, Secretary of Veterans Affairs,<br><br>Defendant. | ) | Case No. 4:25-cv-00745-DGK |

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Plaintiff Kaitlin Bagby, proceeding pro se, asks the Court under Rule 59(e) to alter or amend the judgment entered September 29, 2026 (Doc. 34), following the Court's September 22, 2026, Order granting Defendant's Motion to Dismiss. (Doc. 33).

She asks the Court to correct obvious errors of law in the Court's treatment of the March 2025 appeal. This motion does not raise a new timeliness theory or rely on new evidence.

Plaintiff asks the Court to reverse the dismissal with prejudice of Counts I through IV, deny Defendant's motion to dismiss on the timeliness grounds addressed in the Motion to Dismiss decision, and allow the First Amended Complaint to proceed.

**I. THIS MOTION ASKS THE COURT TO CORRECT ERRORS OF LAW**

Plaintiff understands that Rule 59(e) allows the Court to correct an obvious error of law or fact and should not be used to simply argue the same issue again.

Section 1614.407(d) was before the Court before judgment. See Doc. 25 at 2-3; Doc. 30 at 1-4. Defendant argued that it did not apply and, alternatively, that this case would be limited to compensatory damages. Doc. 26 at 2, footnote 1.

The Court found that Plaintiff's damages appeal "was indeed pending" when she filed this case but still decided that § 1614.407(d) did not authorize the lawsuit. Doc. 33 at 10-11. The Court relied on *Charles v. Garrett,* 12 F.3d 870 (9th Cir. 1993); *Laber v. Geren*, 316 F. App'x 266 (4th Cir. 2009); *Ross v. Brennan*, No. PWG-15-814, 2016 WL 3440279 (D. Md. June 23, 2016); *and Frazier v. Vilsack,* 419 F. App'x 686 (8th Cir. 2011) in reaching its decision. Plaintiff addresses that reasoning because those cases first appeared in the Motion to Dismiss decision. Her § 1614.407(d) argument is the same argument she raised before judgment.

The errors Plaintiff asks the Court to correct are the conclusions that the March 2025 appeal "did not reopen a route the statute closed upon final action" and that "a filing-authorization provision does not restore a claim the limitations period has foreclosed." Doc. 33 at 11-12. The sections below explain why those conclusions do not fit § 1614.407(d), the current regulations, or the cases relied on by the Court.

## II. THE 2024 DECISION DID NOT CLOSE § 1614.407(D)

Even if the 2024 Commission decision was final for the Plaintiff's October 2022 appeal, it did not decide whether her later appeal from the VA's March 2025 final decision provided a separate route under § 1614.407(d).

Plaintiff's argument also does not depend on returning the "merits" to the Commission. Doc. 33 at 8. It depends on the March 2025 appeal remaining pending for more than 180 days.

## III. THE MARCH 2025 APPEAL FITS § 2000E-16(C) AND § 1614.407(D)

Section 2000e-16(c) allows a civil action after 180 days from an appeal to the Commission "from a decision or order" of the agency. The VA issued its final damages decision on March 12, 2025. Plaintiff appealed on March 14 and filed this case 192 days later while the

appeal was still pending. The Court agreed that the appeal "was indeed pending" and that Plaintiff was "correct about the administrative posture of her case." Doc. 33 at 10.

The Court highlighted and emphasized the words "until such time as final action may be taken." Doc. 33 at 10. But no final action had been taken on Plaintiff's March 2025 appeal when she filed suit. The Commission left that appeal undecided for 342 days and later dismissed it because this lawsuit had been filed. Doc. 25-1 at 2. Nothing in § 2000e-16(c) says that final action on an earlier appeal ends the 180-day route for a later appeal from a different agency decision.

The Court reached a different conclusion based on *Charles v. Garrett*, 12 F.3d 870 (9th Cir. 1993). The Court relied on *Charles* to conclude that § 2000e-16(c) allows only one 180-day period, beginning with the first appeal. Doc. 33 at 11.

But less than two years after *Charles* was decided, *Erickson v. West*, 876 F. Supp. 239, 243 (D. Haw. 1995)[1], pointed out the problem with *Charles*. The court said that in "order to reconcile 29 C.F.R. 1614.408 with *Charles*, this court must do violence to one of the two." The court applied the regulation instead. Section 1614.408 became today's § 1614.407 in 1999. *See 64 Fed. Reg. 37644, 37659 (July 12, 1999).*[2]

The regulation also changed after *Charles*. In 2020, the Commission added § 1614.407(e), which says that after the 90-day period has passed, the complainant may file a civil action "only in accordance with paragraph (c) or (d)." *See 85 Fed. Reg. 35558, 35561 (June 11, 2020).*[3] Plaintiff relies on paragraph (d). *Charles* could not have addressed language added twenty-seven years later.

---

[1] Plaintiff has searched for Eighth Circuit and Supreme Court cases and has found none. Plaintiff will use out of circuit cases throughout this motion.
[2] https://www.govinfo.gov/content/pkg/FR-1999-07-12/pdf/99-17497.pdf
[3] https://www.govinfo.gov/content/pkg/FR-2020-06-11/pdf/2020-10965.pdf

The Court also states that a period tied to the most recent filing "is a period no one can clearly identify in advance." Doc. 33 at 11 footnote 3. But the dates are clear in this case. The Commission directed the VA to determine compensatory damages "in a final decision with appeal rights to the Commission." Doc. 1-2 at 10. The VA issued that decision on March 12, 2025, and Plaintiff appealed it on March 14, 2025. The 180-day period ended on September 10, 2025, twelve days before Plaintiff filed this case.

## IV. LABER, ROSS, AND FRAZIER DO NOT ADDRESS THE MARCH 2025 APPEAL

*Laber v. Geren,* 316 F. App'x 266, 270 (4th Cir. 2009), and *Ross v. Brennan,* No. PWG-15-814, 2016 WL 3440279, at 4 (D. Md. June 23, 2016), dealt with whether later proceedings restarted an earlier 90-day filing period. Neither involved what happened here: a later agency final decision followed by an appeal that remained pending for more than 180 days. *Laber* involved a later clarification decision, and *Ross* also did not involve a pending appeal.

The Court also states that "nearly every court" starts the 90-day period at the merits decision, and not "on the remedial calculation that the merits decision ordered." Doc. 33 at 6-7. The case law is less one-sided than that statement suggests. *Morris v. Rumsfeld*, 420 F.3d 287, 289-90, 294 (3d Cir. 2005), had a procedural history similar to *Ross*, but the Third Circuit recognized that the later damages decision could be taken to federal court. *Salazar v. Rollins*, No. 1:25-cv-00494, Doc. 37 (D.N.M. Aug. 14, 2026), also proceeded to federal court after an initial merits decision and a later EEOC appeal. *Salazar* was decided after briefing in this case was completed and supports Plaintiff's argument that the March 2025 damages decision and appeal were separate steps that could provide a route to federal court under § 1614.407.

*Frazier v. Vilsack* 419 F. App'x 686, 689-90 (8th Cir. 2011) is different for another reason. *Frazier* involved a later right-to-sue notice from a separate EEOC complaint, not a later

appeal from a new agency final decision that remained pending for more than 180 days. Plaintiff also has had only one EEO complaint throughout this case.

## V. THE MARCH 2025 APPEAL PROVIDED A SEPARATE ROUTE TO COURT

The Court states that "a filing-authorization provision does not restore a claim the limitations period has foreclosed." Doc. 33 at 12. But Plaintiff is not arguing that § 1614.407(d) restarted the 2024 filing period. She argues that the March 2025 appeal provided a separate route to court after remaining pending for more than 180 days.

*Scott v. Johanns*, 409 F.3d 466, 470-71 (D.C. Cir. 2005), and *Timmons v. White*, 314 F.3d 1229, 1235 (10th Cir. 2003), do not decide that question. They say the Court must decide liability for itself before awarding relief. That is what Plaintiff is asking the Court to do. If § 1614.407(d) allowed this case to be filed, *Scott* and *Timmons* explain how the case proceeds. They do not make it untimely.

## CONCLUSION

Plaintiff raised § 1614.407(d) before judgment and relies on the same March 2025 appeal now. For the reasons explained above, Plaintiff asks the Court to alter or amend the judgment, reverse the dismissal with prejudice of Counts I through IV, deny Defendant's Motion to Dismiss on the timeliness grounds addressed in the Motion to Dismiss Order, and allow the First Amended Complaint to proceed.

**Respectfully submitted,**

Kaitlin Bagby

Kaitlin Bagby,
Plaintiff, pro se
PSC 467 BOX 4485

APO, AE 09096
kaitlin.b.bagby@gmail.com
931-538-8950

**CERTIFICATE OF SERVICE**

I certify that on October 3rd, 2026, I filed this document with the Clerk of the Court using the CM/ECF system, which will send notice to Defendant's counsel of record.

Kaitlin Bagby