**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| KAITLIN BAGBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-00745-CV-W-DGK |
| | ) | |
| DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# DEFENDANT'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S RULE 59 MOTION FOR RECONSIDERATION

Pursuant to FED. R. CIV. P. 59(e), defendant Douglas A. Collins, in his official capacity as the Secretary of Veterans Affairs ("VA"), submits the following suggestions in opposition to the PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT [Doc. 35] filed herein by *pro se* plaintiff Kaitlin Bagby ("Bagby"). As briefly set out herein, none of the arguments advanced by Bagby state permissible grounds for the Court to alter or amend the CLERK'S JUDGMENT [Doc. 34] entered in this case on September 29, 2026.

On September 22, 2025, Bagby filed her COMPLAINT in this Court alleging that she had been discriminated against while employed by the VA. Doc. 1. Bagby filed an AMENDED COMPLAINT on April 15, 2026. Doc. 23. On April 29, 2026, the VA moved to dismiss the case. Doc. 24. After extensive briefing from the parties, on September 22, 2029, the Court granted the motion to dismiss. Doc. 33. Now, relying on FED. R. CIV. P. 59(e), Bagby seeks to challenge the judgment entered based on the dismissal order. According to Bagby's motion, the judgment must be altered or amended because the Court ruled incorrectly in its dismissal order by not adopting Bagby's arguments regarding 29 C.F.R. § 1614.407(d). Bagby's motion must be denied.

Post-judgment motions under Rule 59 must be narrowly drawn and "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Clark v. Callahan*, 587 Fed. Appx. 1000, 1002 (8th Cir. 2014) (*quoting Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 863 (8th Cir. 2011)). In this case, Bagby makes no argument for new evidence. As a consequence, in order to prevail under Rule 59, Bagby must affirmatively demonstrate that this Court committed a manifest error of law or fact. *Id*. However, Bagby's Rule 59 motion merely rehashes the arguments she made to the Court during the briefing on the motion to dismiss. *See*, *e.g*., Doc. 35, at 2 ("[Bagby's] § 1614.407(d) argument is the same argument she raised before judgment."). This is wholly insufficient to establish a manifest error. As noted by one district court:

> Plaintiff has not alleged any manifest error of law or fact. Rather, Plaintiff has simply attempted to reargue the merits of the case. Rule 59(e) does not afford an opportunity to rehash or re-frame issues upon which the Court has already ruled. A 'manifest error" is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent. . . . Plaintiffs' arguments are not persuasive, and they do not raise any additional issues that have not already been considered.

*Olga Despotis Tr. v. Cincinnati Ins., Co.*, 2016 WL 11050668, op. at *1-2 (E.D. Mo. Apr. 18, 2016). *See also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 2617 n.5 (2008) (Rule 59 motions "may not be used to relitigate old matters"); *Missouri Coalition for the Environment Foundation v. Wheeler*, 2020 WL 9215898, op. at *4 (W.D. Mo. Aug. 15, 2020) (the motion's "current argument is [a] rehashing [of] the substance of arguments already made, which is precluded by Rule 59"); *Caranchini v. Nationstar Mortg. LLC*, 2019 WL 8359239, op. at *1 (W.D. Mo. Mar. 25, 2019) (Rule 59 motions "cannot be used to introduce evidence that could have been offered during the pendency of the motion, or to raise arguments which could have been raised prior to the issuance of the judgment").

.	The one potentially "new" legal matter raised by Bagby in her post-judgment motion is her citation to "*Salazar v. Rollins*, No. 1:25-cv-00494, Doc. 37 (D.N.M. Aug. 14, 2026)," and her argument that the case further supports her "argument that the March 2025 damages decision and appeal were separate steps that could provide a route to federal court under § 1614.407." Doc. 35, at 4. The VA has reviewed the *Salazar* case and does not agree that it impacts the Court dismissal order. A copy of the opinion is attached hereto (as Exhibit A) for the Court's consideration and independent review.

Bagby certainly takes issue with the outcome in this case, including the substance of the Court's legal rulings that went against her positions. That is her prerogative and that is the essence of adversarial litigation. However, Bagby's disagreement with the Court's rulings does not establish a basis for Rule 59 relief. Bagby's post-judgment motion must be denied.

Respectfully submitted,

R. Matthew Price
United States Attorney

By */s/ Jeffrey P. Ray*

Jeffrey P. Ray
Assistant United States Attorney
Missouri Bar No. 35632

Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
Kansas City, MO 64106
Jeffrey.Ray@usdoj.gov

ATTORNEYS FOR DEFENDANT DOUGLAS A. COLLINS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S RULE 59 MOTION FOR RECONSIDERATION** was electronically filed with the Clerk of the Court using the CM/ECF system on this 19th day of October, 2026. In addition, a true and correct copy of the foregoing **DEFENDANT'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S RULE 59 MOTION FOR RECONSIDERATION** was placed in the first-class United States mail, postage prepaid, and addressed to:

Kaitlin Bagby
Zum Rosental 24
Queidersback, Germany
kaitlin.b.bagby@gmail.com

*PRO SE* PLAINTIFF

on this 19th day of October, 2026.

*/s/ Jeffrey P. Ray*
Jeffrey P. Ray
Assistant U.S. Attorney