**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KAITLIN BAGBY,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS A. COLLINS, Secretary of Veterans Affairs,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-cv-00745-DGK |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION TO ALTER OR AMEND JUDGMENT**

## I. PLAINTIFF'S MOTION IDENTIFIES A LEGAL ERROR, NOT MERELY DISAGREEMENT WITH THE RULING

Defendant argues that Plaintiff's Rule 59(e) motion simply repeats arguments made before judgment because § 1614.407(d) was already raised. Doc. 36 at 2. But Plaintiff is not asking the Court to reconsider its decision simply because she disagrees with it. Plaintiff argues that the Court made a legal error in how it interpreted § 1614.407(d) and applied *Charles v. Garrett*, 12 F.3d 870, 874 (9th Cir. 1993). The Court first relied on *Charles* in its dismissal order, so Plaintiff could not have addressed it before judgment. Doc. 33 at 11.

Defendant does not explain why the Court's interpretation is correct or point to any language in § 1614.407(d) that limits it to the first EEOC appeal. Section 1614.407(e), which Plaintiff discussed in her motion, states that when an employee appeals an agency's final decision and more than 90 days have passed since receiving that agency decision, a lawsuit may be filed under § 1614.407(d). Doc. 35 at 3. Neither § 1614.407(d) nor § 1614.407(e) says this applies only to the first EEOC appeal.

## II. SALAZAR INVOLVED TWO SEPARATE EEOC APPEALS

In *Salazar v. Rollins,* No. 1:25-cv-00494, Doc. 37 (D.N.M. Aug. 14, 2026), the Defendant's own exhibit shows that the employee pursued two separate EEOC appeals: the first concerning the merits, and the second concerning the agency's damages and attorney-fee decisions. Doc. 36-1 at 3. The employee then filed a federal civil action after both appeals were decided.

That two-appeal history is important because this Court stated that Plaintiff's later appeal could not provide a route to court after the earlier appeal became final. Doc. 33 at 11. Defendant attaches *Salazar* but offers no explanation of why its two-appeal history does not matter here. Doc. 36 at 3.

## III. THE COURT'S INTERPRETATION OF § 1614.407(D) INCORRECTLY LIMITED WHICH CLAIMS COULD PROCEED

The Court gave a second reason for dismissing Plaintiff's claims. It concluded that the claims could not be heard because the 90-day deadline following the earlier EEOC decision had expired, and a later opportunity to file a lawsuit could not restore those claims. Doc. 33 at 11-12.

Plaintiff challenges that reasoning because it treats the earlier 90-day deadline as preventing her discrimination claims from being heard, even if her March 2025 appeal allowed her to file under § 1614.407(d). Doc. 35 at 2, 5.

Defendant's own exhibit cites *Morris v. Rumsfeld*, 420 F.3d 287, 294 (3d Cir. 2005), which explains that a court must independently review discrimination claims whether the EEOC issued one decision or several. Doc. 36-1 at 4. This supports Plaintiff's argument that her discrimination claims can be heard if her March 2025 appeal allowed her to file this lawsuit under § 1614.407(d).

**CONCLUSION**

Plaintiff has explained why the Court made a legal error in its interpretation of 29 C.F.R. § 1614.407(d). Defendant argues that Plaintiff is simply repeating earlier arguments but does not explain why the Court's interpretation is correct.

The Court should not have to stretch *Charles* beyond what that case actually decided (protecting access to federal court), reject Plaintiff's motion without addressing § 1614.407(e), which was added twenty-seven years after *Charles*, disregard the appeal rights the EEOC expressly provided (Doc. 1-2 at 10, Order paragraph 2; 29 C.F.R. § 1614.401(a)), or add a first-appeal-only restriction that is nowhere in § 1614.407(d), just to conclude that Plaintiff cannot file her lawsuit.

Plaintiff asks the Court to correct its interpretation and allow the First Amended Complaint to proceed.

Respectfully submitted,

Kaitlin Bagby,
Plaintiff, pro se
PSC 467 BOX 4485
APO, AE 09096
kaitlin.b.bagby@gmail.com
931-538-8950

**CERTIFICATE OF SERVICE**

I certify that on October 22nd, 2026, I filed this document with the Clerk of the Court using the CM/ECF system, which will send notice to Defendant’s counsel of record.

Kaitlin Bagby